## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 39107

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

DAVID LEROY LEE,

      Defendant-Appellant.

_____

)
)
)
)
)
)
)
)
)
)
)

**Boise, May 2012 Term**

**2012 Opinion No. 109**

**Filed: July 5, 2012**

**Stephen W. Kenyon, Clerk**

_____

Appeal from the district court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Deborah A. Bail, district judge.

The decision of the district court is vacated.

Sara B. Thomas, State Appellant Public Defender, Boise, for appellant. Spencer J. Hahn argued

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Lori Anne Fleming argued.

_____

W. JONES, Justice

### I. NATURE OF THE CASE

After moving from the address that he reported to the Idaho State Police Sex Offender Registry ("the Registry") pursuant to the sex offender registration requirements of I.C. § 18-8309, as it existed in 2001,[1] and being extradited from Belize, David Leroy Lee was convicted of Failure to Register as a Sex Offender in violation of I.C. § 18-8309 on December 10, 2009. Lee asserts that the plain language of I.C. § 18-8309 does not require sex offenders to register or update their address information with either the Registry or the sheriff of the county where the offender is required to register after moving to another country. In the alternative, Lee contends that the State failed to provide evidence establishing beyond a reasonable doubt that he moved from his last known address to a definite new address or actual residence thereby triggering his

---

[1] Idaho Code section 18-8309 was amended in 2006 and 2011. This Opinion only discusses I.C. § 18-8309 as it existed in 2001. The amendments do not apply to this action. Therefore, any reference to I.C. § 18-8309 in this Opinion relates only to the statute as it existed in 2001.

duty to notify the Registry or the sheriff of the county where he was required to register of a new address or actual residence. Lee also claims that I.C. § 18-8309 is unconstitutionally vague and that his due process rights were violated.

## II. FACTUAL AND PROCEDURAL BACKGROUND

As a result of Lee's conviction for Lewd Conduct with a Minor under Age 16, Lee was required annually to register as a sex offender ("the registration requirement") and bi-annually to confirm his residence with the Registry ("the bi-annual requirement"). Lee was also required, as a condition of his parole,[2] to wear an electronic monitoring device on his ankle ("ankle bracelet"). In 2001, Lee fulfilled the registration requirement. On March 3, 2001, Lee also fulfilled the bi-annual requirement by confirming his address as 310 ½ North 15th Street, Boise, Idaho.

On or around October 9, 2001, Lee cut off his ankle bracelet and vacated the 310 ½ North 15th Street address. A warrant for his arrest was issued. No change of address was ever filed with the Ada County Sheriff's Office, the Registry, or with any other state sex offender registry. The Registry sent Lee an Annual Sex Offender Registration Notice to his last known address at 310 ½ North 15th Street Boise, Idaho. It eventually came back to the Registry with a handwritten notice stating, "Does Not Live Here," and a computer generated "Return to Sender" sticker stating, "1210 Howard Street, Boise, ID 83706-4518."

Lee was eventually arrested in Belize on May 17, 2009, in connection with an ongoing explosives investigation. Thereafter, Lee was extradited to Idaho in June of 2009. He was later charged with Failure to Register as a Sex Offender pursuant to I.C. § 18-8309.

At the conclusion of the State's case, Lee made an oral motion for a judgment of acquittal, contending that the evidence was insufficient to sustain a conviction because the State failed to prove that Lee's duty to notify the Registry of his change of address or actual residence was triggered when he allegedly moved to another country. In the alternative, Lee contended that the State failed to prove that he moved from his Boise address to a new address or actual residence by producing a lease, testimony, or other document. The district court reserved ruling on the motion and allowed the case to be submitted to the jury. The jury returned a guilty verdict.

---

[2] This Opinion does not address Lee's parole or whether there was any violation of Lee's parole.

2

Lee renewed his motion on October 23, 2009. The State asserted that I.C. § 18-8309 applies when a sex offender moves to another country. Furthermore, the State contended that it was not required to prove that Lee moved to a new address in another country. Instead, the State claimed that it was only required to prove beyond a reasonable doubt that Lee moved from his last known address without providing notice to the Registry of any new address or actual residence. The district court denied Lee's motion and entered its Judgment of Conviction on December 10, 2009. Thereafter, Lee filed his Notice of Appeal on December 11, 2009, and Amended Notice of Appeal on January 26, 2010. The district court later filed its Amended Judgment of Conviction on April 27, 2010. The Court of Appeals affirmed the Amended Judgment of Conviction. Thereafter, Lee filed his Petition for Review, which this Court granted on August 29, 2011.

### III. ISSUES ON APPEAL

**1.** Whether there is evidence in the record establishing beyond a reasonable doubt that Lee failed to register as a sex offender in violation of I.C. § 18-8309?

**2.** Whether the remaining issues on appeal should be addressed?

### IV. STANDARD OF REVIEW

When considering a case on review from the Court of Appeals, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the trial court's decision. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011). "In reviewing the denial of a motion for judgment of acquittal, the appellate court must independently consider the evidence in the record and determine whether a reasonable mind could conclude that the defendant's guilt as to such material evidence of the offense was proven beyond a reasonable doubt." *State v. Mercer*, 143 Idaho 108, 109, 138 P.3d 308, 309 (2006) (citing *State v. Grube*, 126 Idaho 377, 386, 883 P.2d 1069, 1078 (1994)).

### V. ANALYSIS

**A.    The Evidence in the Record Does Not Establish Beyond a Reasonable Doubt that Lee Failed to Register as a Sex Offender as Required by I.C. § 18-8309**

The State contends that the evidence in the record establishes beyond a reasonable doubt that Lee violated I.C. § 18-8309 because it proves that he moved from his last known address without providing notice of a new address or actual residence. This argument fails because (1) I.C. § 18-8309 does not apply to changes of address or actual residence to other countries and (2) the State never proved that Lee moved to a new address or actual residence in Idaho.

3

*1. Idaho Code Section 18-8309 Does Not Apply to Changes of Address or Actual Residence to Other Countries*

"An interpretation of a statute is a question of law over which [this Court] exercises free review." *See Gooding Cnty. v. Wybenga*, 137 Idaho 201, 204, 46 P.3d 18, 21 (2002). Judicial interpretation of a statute begins with an examination of the statute's literal words. *Thomson v. City of Lewiston*, 137 Idaho 473, 478, 50 P.3d 488, 493 (2002). If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written. *Hansen v. State Farm Mut. Auto. Ins. Co.*, 112 Idaho 663, 670, 735 P.2d 974, 981 (1987).

When Lee moved from his Boise address in 2001, I.C. § 18-8309 stated in relevant part:

(1) If an offender changes address or actual residence, the offender shall provide written notice of the new address within five (5) working days after the change to the sheriff of the county where the offender is required to register. The notice shall be on a form provided by the department. Within three (3) working days after receipt of the notice, the sheriff shall forward a copy of the notice to the department.

(2) If an offender changes address to another state, the offender shall provide written notice of the new address within five (5) working days after the change to the department.

Idaho Code section 18-8309 was subsequently amended in 2006 and 2011. Because Lee allegedly violated I.C. § 18-8309 in October 2001, and because there is no language in amended I.C. § 18-8309 asserting that the statute applies retroactively, the amendments do not apply to this case. *See* I.C. § 73-101 (asserting that "[n]o part of these compiled laws is retroactive, unless expressly so declared"); *see also Henderson v. Smith*, 128 Idaho 444, 448, 915 P.2d 6, 10 (1996).

Nowhere in I.C. § 18-8309(1) or (2) is the word "country" mentioned. When the statute is read in context, paragraph (1) refers to a change of address or actual residence to another place within the State of Idaho, and subsection (2) refers to a change of address to another state. Subsection (2) clearly applies when "an offender changes address to another state." I.C. § 18-8309(2). Typically, the use of the word "state" denotes a state in the United States as opposed to a general political body, which includes a country. *See Twin Falls Cnty. v. Hulbert*, 66 Idaho 128, 140, 156 P.2d 319, 324–25 (1945) ("The authorities show without cavil that there exists no misunderstanding when court or legislature makes use of the word 'state' to denote one of the members of our Federal Union."), *rev'd on other grounds*, *Hulbert v. Twin Falls Cnty.*, 327 U.S. 103, 66 S. Ct. 444 (1946). The word "address" is "[t]he place where mail or other

4

communication is sent." Black's Law Dictionary 39 (7th ed. 1999). There was no evidence at trial as to how Lee left Idaho, whether it was by air or by land. Assuming that Lee traveled through one or more states before leaving the United States, he would not necessarily have had an address in any of those states. Therefore, there was no evidence that he changed his address to another state.

Because subsection (2) clearly applies when an offender changes his or her address to another state, subsection (1) logically applies when an offender changes his or her address or actual residence to another place in Idaho. Subsection (1) requires the offender to provide written notice of his or her new address to "the sheriff of the county where the offender is required to register." I.C. § 18-8309(1). Offenders in Idaho were required to register with the sheriff of the county in which they established a residence or temporary domicile. "Within ten (10) days of coming into any county to establish residence or temporary domicile, an offender shall register with the sheriff of the county." I.C. § 18-8307(1)(a) (2001).

The plain language of the statute indicates that it does not apply when an offender changes his or her address or actual residence to another country. If the legislature intended the statute to apply to changes of address or actual residences to other countries, it would have been easy for it to do so by simply using the word "country" in the statute. During oral argument, the State contended that even if Lee did not violate the letter of the law, his conviction should be upheld because he violated the intent of the law that sex offenders maintain their registration even if they move to a foreign country. If that is what the legislature intended, it would have drafted the statute accordingly. Lee cannot be convicted based upon an unexpressed intent of the legislature.

*2. The State Never Proved that Lee Moved to a New Address or Actual Residence in Idaho*

There is insufficient evidence that Lee changed his address or actual residence to a place in Idaho. In an attempt to prove this, the State relied upon the envelope mailed to Lee on March 1, 2002, which was returned unopened. It had a handwritten notation on it stating, "Does Not Live Here," and a "Return to Sender" sticker stating, "1210 Howard Street, Boise, ID 83706-4518." There was no evidence presented during the trial as to who placed the sticker on the envelope or who provided the 1210 Howard Street address. There was also no evidence as to who lived at that address in 2001. The State simply argued that the jury could infer that someone at the post office placed the sticker on the envelope and that such person somehow knew that Lee

5

resided at the Howard Street address. There was no evidence that Lee or anyone on his behalf reported a change of address for him to the post office. Nor did anyone from the post office testify at trial. The evidence was not sufficient to prove beyond a reasonable doubt that Lee changed his address or actual residence to 1210 Howard Street after he left the North 15th Street address.

**B.      This Court Declines to Address the Remaining Issues on Appeal**

Lee claims that I.C. § 18-8309 is unconstitutionally vague and that his due process rights were violated pursuant to the Idaho Constitution and the United States Constitution. He also argues, with marginal elaboration, that the equitable doctrine of judicial estoppel prohibits the State from arguing on appeal that the "Return to Sender" sticker indicates a possible new address in Idaho where Lee may have moved. Because this Court holds that the evidence in the record does not establish beyond a reasonable doubt that Lee failed to register as a sex offender in violation of I.C. § 18-8309, this Court declines to address Lee's judicial estoppel argument. This Court also will not consider Lee's due process arguments because this Court will not address constitutional issues when a case can be decided upon other grounds. *See State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (1998).

## VI. CONCLUSION

This Court vacates the district court's Amended Judgment of Conviction, and remands this case with instructions for the entry of a judgment of acquittal.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.