# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 40330

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, December 2013 Term |
| | ) | |
| v. | ) | 2014 Opinion No. 13 |
| | ) | |
| DAVID LEROY LEE, | ) | Filed: February 10, 2014 |
| | ) | |
| Defendant-Appellant. | ) | Stephen W. Kenyon, Clerk |
| _____ | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County.  Hon. Deborah A. Bail, District Judge.

The order of the district court is <u>reversed</u>.

Sara B. Thomas, State Appellate Public Defender, Boise, for appellant. Spencer J. Hahn argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Lori Anne Fleming argued.

_____

J. JONES, Justice.

David Leroy Lee appeals from the district court's order denying his motion to strike certain language from his judgment of acquittal. In that judgment, the district court declared that "[b]ecause [Lee] is a serious pedophile, it is hoped that the authorities will be able to keep a closer watch on him in the future."

## I.
## FACTUAL AND PROCEDURAL HISTORY

Appellant David Leroy Lee was convicted of lewd conduct with a minor under age 16 and, as a result, is required to register as a sex offender and biannually confirm his address with the sex offender registry. Lee was also required to wear an electronic monitoring device ("ankle bracelet") as a condition of his parole. *State v. Lee*, 153 Idaho 559, 560, 286 P.3d 537, 538 (2012). In early October 2001, Lee cut off his ankle bracelet and vacated his residence. *Id*. Lee never filed a change of address with the sex offender registry. *Id*. On May 17, 2009, Lee was

1

arrested in Belize and was thereafter extradited to Idaho in June of 2009. *Id*. Lee was then charged with failure to comply with the requirements of I.C. § 18-8309. *Id*. A jury returned a guilty verdict and the district court entered a judgment of conviction from which Lee appealed.

In *State v. Lee*, this Court vacated Lee's judgment of conviction on the ground that I.C. § 18-8309 does not apply to changes of residence to other countries. 153 Idaho at 561, 286 P.3d at 539. The Court ordered the district court to issue a judgment of acquittal upon remand. On remand, the district court issued a Judgment of Acquittal After Remittitur, which read:

> The defendant was convicted after a trial by jury of the offense of Failing to Register as a Sex Offender. He registered in Idaho, cut off his ankle monitor and fled and was eventually located in Belize after traveling in the United States. . . . The Supreme Court overturned that decision by its Opinion No. 109 filed July 5, 2012. Based upon the Supreme Court's decision and a remittitur having entered, the verdict of the jury is vacated and a judgment of acquittal is entered. *Because he is a serious pedophile, it is hoped that the authorities will be able to keep a closer watch on him in the future.* As mandated, the judgment of acquittal is entered.

(emphasis added). Lee filed a motion to strike the italicized language above. The district court denied Lee's motion in an Order Denying Motion, which stated:

> The Court entered the Judgment of Acquittal as required by the remittitur. He prevailed on appeal because of the Supreme Court's interpretation of the statute but after he had been sentenced, after he had a presentence report prepared and he had been given an opportunity to challenge all the information contained in that report so he was afforded due process. He is subject to a duty to register which pre-existed this case. Presumably, the Parole Board will have access to all of the information generated as a result of the defendant's prior offenses. The record is abundantly clear that the defendant is a risk to children. The Motion to Strike is denied.

Lee then filed a timely appeal.

## II.
## ISSUE ON APPEAL

The only issue on appeal is whether the district court erred in denying Lee's motion to strike.

## III.
## ANALYSIS

### A. The district court erred in denying Lee's motion to strike.

Lee asserts that the district court lacked subject matter jurisdiction, abused its discretion, and violated his right to procedural due process when it denied his motion to strike. Because we

hold—pursuant to our supervisory power under the Idaho Constitution—that the district court erred in denying Lee's motion to strike, Lee's other arguments need not be considered.

This Court has "inherent power under article 5, section 2[,] which vests the judicial power of the state in this Court." *Sunshine Mining Co. v. Allendale Mut. Ins. Co.*, 105 Idaho 133, 136–37, 666 P.2d 1144, 1147–48 (1983). Article 5, section 2 of the Idaho Constitution reads in part:

> The judicial power of the state shall be vested in a court for the trial of impeachments, a Supreme Court, district courts, and such other courts inferior to the Supreme Court as established by the legislature. The courts shall constitute a unified and integrated judicial system for administration and supervision by the Supreme Court.

Idaho Const. art. V, § 2. The purpose of a unified and integrated judicial system "is to centralize the administrative power of the entire judicial system in the Supreme Court and make the chief justice the administrative head of all courts." *Crooks v. Maynard*, 112 Idaho 312, 316, 732 P.2d 281, 285 (1987). In sum, "the Supreme Court, acting through the chief justice is the supervisor for all judicial personnel." *Id*. This obviously includes Idaho judges.

This case was remanded to the district court for entry of a judgment of acquittal. *Lee*, 153 Idaho at 563, 286 P.3d at 541. That brings into play Idaho Appellate Rule 38(c), which provides for the filing of a remittitur requiring the district court to comply with the directive of the opinion,[1] and Idaho Criminal Rule 33(b), which sets forth some criteria for criminal judgments.[2] Idaho Criminal Rule 33(b) allows for the inclusion of "findings" in a judgment of conviction, but is silent as to inclusion of findings when a defendant is not guilty. However, all that is necessary in the latter case is to perhaps state why an acquittal or discharge is being ordered.

---

[1] Idaho Appellate Rule 38(c) provides:

> When the opinion filed has become final in accordance with this rule, the Clerk of the Supreme Court shall issue and file a remittitur with the district court or administrative agency appealed from and mail copies to all parties to the appeal and to the presiding district judge or chairman of the agency. The remittitur shall advise the district court or administrative agency that the opinion has become final and that *the district court or administrative agency shall forthwith comply with the directive of the opinion*.

I.A.R. 38(c) (emphasis added).

[2] Criminal judgments are governed by I.C.R. 33(b), which states:

> The judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk.

I.C.R. 33(b).

The district court's inclusion of the superfluous language that was sought to be stricken by Lee's motion essentially amounts to editorializing. The comment that Lee "is a serious pedophile" was not even at issue in the case. While there is no question that Lee had previously been convicted of lewd conduct with a minor under age 16 and was required to register as a sex offender, the question below was whether he had violated I.C. § 18-8309 by failing to provide notice of a change of address. This particular comment was not pertinent to the crime charged, nor was it necessary to indicate why the judgment of acquittal was being entered. While the district judge did not transgress any specific rules of this Court, the Court has endeavored to remove excess and unnecessary verbiage from judgments in the civil arena (I.R.C.P. 54(a)), and they are no more desirable in the criminal arena. Judgments should be limited to stating the disposition of the case.

Given the facts of the case—that Lee had cut off his ankle bracelet and absconded—the district court's comment about the authorities keeping a closer watch on him in the future is certainly understandable. Indeed, the purpose of I.C. § 18-8309 is to allow authorities to do just that. Although Lee certainly violated the spirit of the law, he was the lucky beneficiary of language that was not quite up to the task of covering his particular situation. Nevertheless, the comment made by the district judge in the judgment of acquittal was, again, surplus and unnecessary.

Based on the Court's supervisory power, we conclude that the surplus language should not have been included in the judgment of acquittal in the first place and that when Lee raised the issue in his motion to strike, that motion should have been granted. The Court certainly understands the concerns of the district judge and this opinion is not intended to be regarded in any fashion as a rebuke. Rather, the Court is merely pursuing its effort to exclude unnecessary information or statements from court judgments.

## IV.
## CONCLUSION

The order of the district judge denying Lee's motion to strike is reversed and the case is remanded to the district court for entry of an amended judgment of acquittal eliminating the sentence in question.

Chief Justice BURDICK, and Justice EISMANN, and Justice Pro Tem SCHROEDER CONCUR.

4

HORTON, J., dissenting.

I respectfully dissent. In this appeal, Lee claims that the district court erred by denying his motion to strike a single sentence from the judgment of acquittal that this Court instructed the district court to enter in our decision in *State v. Lee*, 153 Idaho 559, 563, 286 P.3d 537, 541 (2012). Lee advanced three theories in support of his claim that the district court erred: (1) the district court lacked subject matter jurisdiction to include the language to which he objects; (2) the district court abused its discretion by failing to act consistently with the governing legal standards on remand; and (3) the district court violated his procedural due process rights. Rather than addressing these claims, which are without merit, the Court has elected to exercise its supervisory power under Article V, § 2 of the Idaho Constitution to direct the district court to grant the motion as the sentence was "surplus and unnecessary."

I first consider Lee's arguments. He asserts that the district court lacked subject matter jurisdiction to include the offending sentence. "Subject matter jurisdiction is 'the power to determine cases over a general type or class of dispute.' " *Bagley v. Thomason*, 155 Idaho 193, 307 P.3d 1219, 1222 (2013) (quoting *Bach v. Miller,* 144 Idaho 142, 145, 158 P.3d 305, 308 (2007)). Clearly, the district court had the power to enter a judgment of acquittal. That, after all, is precisely what this Court directed the district court to do. The district court's expression of hope "that the authorities will be able to keep a closer watch" on Lee because "he is a serious pedophile" did not constitute "a determination of any type or class of dispute." To the contrary, the expression of the district court's hopes reflected a clear understanding of the separation of powers under the Idaho Constitution and the district court's recognition that the executive, rather than the judiciary, is charged with the supervision of paroled offenders. Thus, I find no merit in Lee's contention that the district court lacked subject matter jurisdiction.

Lee next argues that the district court abused its discretion when it denied his motion to strike "by failing to act consistently with the legal standards applicable to remand." This argument, of course, reflects the familiar three-part standard of review this Court applies when reviewing discretionary decisions of the lower courts. "To determine whether a trial court abused its discretion, this Court inquires whether the trial court: (1) correctly perceived the issue as discretionary; (2) acted within the boundaries of its discretion; and (3) acted consistently with applicable legal standards and reached its decision by an exercise of reason." *J–U–B Engineers, Inc. v. Security Ins. Co. of Hartford,* 146 Idaho 311, 315, 193 P.3d 858, 862 (2008).

5

The legal standard identified by Lee is I.A.R. 38(c), which requires that a remittitur shall inform "the district court or administrative agency that the opinion has become final and that the district court or administrative agency shall forthwith comply with the directive of the opinion." In this case, the district court promptly complied with the our directive to enter a judgment of acquittal. Lee merely takes exception to the manner in which the district court did so. Unfortunately, unlike I.R.C.P. 54(a) which governs civil judgments, I.C.R. 33(b) contains few standards governing judgments of conviction and no standards governing judgments of acquittal:

> The judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk.

In the absence of standards governing the contents of a judgment of acquittal, I am unable to conclude that the district court's inclusion of the offending sentence was inconsistent with applicable legal standards.

Finally, Lee argues that the district court violated his due process rights, relying upon our decision in *Smith v. State*, 146 Idaho 822, 203 P.3d 1221 (2009), in which we considered the process for designation of an individual as a "violent sexual predator" (VSP). Not surprisingly, he has seized upon language from the United States Supreme Court quoted in that opinion, and argues that the district court has branded him with a "badge of infamy" that necessitates due process protection. *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971). I do not view this case as implicating the concerns we addressed in *Smith* or that the United States Supreme Court addressed in *Constantineau*. In *Smith*, we addressed the nature of the "branding" that implicated due process concerns:

> Idaho provides a computerized sex offender registry that is accessible to the public via the internet complete with photos of all sex offenders, along with their personal information including name, address, date of birth, and offense history. I.C. § 18–8323. Furthermore, there is a special link for those sex offenders designated as VSPs. This Court has recognized "the fact that registration brings notoriety to a person convicted of a sexual offense ... prolong[s] the stigma attached to such convictions." *Ray v. State,* 133 Idaho 96, 101, 982 P.2d 931, 936 (1999).
> Designation as a VSP results in consequences beyond simply requiring the designee to register as a sex offender. Sex offenders need only update their information and photographs in the registry annually, while VSPs must do so every ninety days. I.C. §§ 18–8307; 18–8308. Non–VSP offenders may petition a court for relief from the duty to register after a period of ten years. I.C. § 18–

8310(1). On the other hand, a VSP has no right to such relief. Thus, for an offender designated as a VSP, the scarlet letters are indelible.

While the duty to register as a sex offender is triggered simply by reason of conviction for a specified crime, classification as a VSP is based upon a factual determination of probable future conduct, i.e., that the offender poses a high risk of committing an offense or engaging in predatory sexual conduct. I.C. § 18–8314. This distinguishes Idaho's VSP system from a sex offender registry based solely on the fact of conviction of a predicate offense. As to the latter, the United States Supreme Court has concluded that sex offender registration laws do not violate the offender's procedural due process rights, noting the offender "has already had a procedurally safeguarded opportunity to contest" the charge. *Conn. Dep't of Pub. Safety v. Doe,* 538 U.S. 1, 7, 123 S.Ct. 1160, 1164, 155 L.Ed.2d 98, 105 (2003); *see also Doe v. Tandeske,* 361 F.3d 594 (9th Cir.2004). In reaching this conclusion, the Supreme Court emphasized that Connecticut's registry requirement is "based on the fact of previous conviction, not the fact of current dangerousness ... [i]ndeed, the public registry explicitly states that officials have not determined that any registrant is currently dangerous." 538 U.S. at 4, 123 S.Ct. 1160, 155 L.Ed.2d 98, 103.

*Smith*, 146 Idaho at 828, 203 P.3d at 1227 (2009). In this case, the judgment of acquittal was provided only to the prosecutor, Lee's attorneys (his public defender and the SAPD), the Ada County Jail and the Idaho Department of Corrections. In my view, this limited circulation does not implicate the concerns addressed by this Court in *Smith* or the public posting in all retail liquor outlets within a city addressed in *Constantineau*. 400 U.S. at 435. Thus, I would find that Lee's claims of error by the district court are without merit.

Rather than addressing Lee's contentions, the Court has elected to exercise its supervisory power under Article V, § 2 of the Idaho Constitution, and directed the district court to enter "an amended judgment of acquittal eliminating the sentence in question." The Court has done so because the sentence is "surplus and unnecessary." While I do not doubt the accuracy of this characterization, I do not think that we ought to do so in this case.

First, the judgment of acquittal is replete with surplusage. The entire text of the judgment follows. I have underlined that which, to my eye, is clearly surplusage.

The defendant was convicted after a trial by jury of the offense of Failing to Register as a Sex Offender. <u>He registered in Idaho, cut off his ankle monitor and fled and was eventually located in Belize after traveling in the United States. The Court of Appeals affirmed the conviction by its opinion No. 38, filed June 29, 2011. The Supreme Court overturned that decision by its Opinion No. 109 filed July 5, 2012.</u> Based upon the Supreme Court's decision and a remittitur having entered, the verdict of the jury is vacated and a judgment of acquittal is entered. <u>Because he is a serious pedophile, it is hoped that the authorities will be</u>

<u>able to keep a closer watch on him in the future. As mandated, a judgment of acquittal is entered</u>.

It is so ordered.

Dated this 8th day of August, 2012.

_____/s/_____
Deborah A. Bail
District Judge

If this Court were serious about removing all surplusage from judgments, we might start here by ordering more than the removal of one single sentence. However, this is not the reason for my dissent.

I am comfortable with this Court exercising its supervisory authority to resolve cases when doing so will save the parties time and money, as in instances where it is evident that a remand will simply result in another appeal to this Court and the case may be brought to a conclusion based upon a question of law, rather than fact or the exercise of the trial court's discretion. However, I do not view this case as one where the Court ought to exercise its supervisory authority in order to edit a single judgment entered by one court. The reality is that surplusage is injected into nearly every judgment entered by the courts of this state, most often at the request and/or insistence of counsel. Indeed, the continuing inability to obtain judgments that meticulously conform to the unambiguous requirements of I.R.C.P. 54(a) has led this Court to routinely overlook small quantities of surplus verbiage in the vast majority of appeals in civil cases.

In the absence of a rule providing any standards whatsoever for criminal judgments, I cannot join in the decision to exercise our supervisory authority to strike the single surplus sentence in this case. Rather than proceeding on an *ad hoc* basis and reversing the district court, this Court ought to request the Criminal Rules Committee to draft amendments to I.C.R. 33(b) for this Court's consideration and adoption. If we do that, we will give the lawyers and judges of this state clear direction and will permit meaningful appellate review of criminal judgments.