# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47173

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 5, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ROGELIO ROGER MURIEL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael Reardon, District Judge.

Judgment of conviction for failure to register as a sex offender and possession of methamphetamine with a persistent violator enhancement, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Rogelio Roger Muriel appeals from his judgment of conviction. Specifically, Muriel challenges his conviction for failing to register as a sex offender, Idaho Code § 18-8307(4)(a), and argues insufficient evidence supports this conviction. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 12, 2018, Officer Crist of the Boise Police Department (BPD) was looking for Muriel, who had an active warrant for his arrest issued in Oregon. Other BPD officers had informed Officer Crist that Muriel resided in Boise's "downtown core area." Officer Crist located Muriel in this area with two other individuals who Officer Crist knew to be homeless.

1

According to Officer Crist, Muriel also appeared to be homeless. He was unkempt and dirty and did not have any means of transportation, cash, or credit cards.

After identifying Muriel, Officer Crist arrested him. While en route to jail, Muriel volunteered that he lived in Ontario, Oregon, and was visiting his brother. At the jail, methamphetamine was discovered on Muriel's person. As a result, the State charged Muriel with possession of a controlled substance and also with failure to register as a sex offender in Idaho. This latter charge was based on a judgment of conviction against Muriel in Oregon for sexual penetration of a person under the age of twelve years in violation of Oregon Revised Statute 163.411.

Muriel waived his right to a jury trial and proceeded to a bench trial. At trial, the State presented numerous BPD officers to testify about Muriel's presence in Boise. In total, ten BPD officers testified about their encounters with Muriel in Boise between June 2017 and his June 2018 arrest. These encounters occurred in 2017 on June 9, 29 and 30, and in 2018 on January 16 and 26, February 4, May 23, and June 5 and 12. A number of these officers also testified Muriel appeared to be homeless.

Officer Iverson, who encountered Muriel in Boise on January 26, 2018, testified as to what Muriel told the officer about Muriel's presence in Boise:

Q. Did you observe any evidence regarding [Muriel's] residency when you had contact with him?
A. Just his clothing itself and the way he was speaking to me. He was dressed pretty rough and stated to me that he was living on the street.
Q. . . . Did he tell you how long he had been living on the street?
A. Not so much about living on the street, just about how long he had been in Boise.
Q. . . . How long did he say he had been living in Boise?
A. He said he had been--I asked him how long he had been in Boise and he said about a month.

At trial, Muriel neither testified nor presented any evidence. Ultimately, the district court found Muriel guilty of failure to register as a sex offender, of possession of methamphetamine, and of being a persistent violator. As a result, the court imposed unified concurrent sentences of twenty years with five years determinate. Muriel timely appeals.

2

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANAYSIS

On appeal, Muriel asserts there was insufficient evidence to find him guilty of failing to register in Idaho as a sex offender. Substantial evidence may exist even when the evidence presented is solely circumstantial or when there is conflicting evidence. *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009); *State v. Stevens*, 93 Idaho 48, 50-51, 454 P.2d 945, 947-48 (1969). In fact, even when circumstantial evidence could be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt. *Severson*, 147 Idaho at 712, 215 P.3d at 432; *State v. Slawson*, 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct. App. 1993).

Generally, the Idaho Sexual Offender Registration Notification and Community Right-to-Know Act (SORA), I.C. §§ 18-8301-8331, requires any person residing in Idaho who has been convicted in another jurisdiction of an offense substantially equivalent to a crime identified in I.C. § 18-8304(a) to register as a sex offender in Idaho. *See* I.C. § 18-8304(b), (c) (requiring registration for substantially equivalent conviction). One of those crimes identified in I.C. § 18-8304(a) is lewd conduct with a child under the age of sixteen, I.C. § 18-1508. Further, if an offender is required to register under I.C. § 18-8304, then "[w]ithin two (2) working days of coming into any county to establish residence, an offender shall register with the sheriff of the

3

county." I.C. § 18-8307(4)(a). The SORA defines "residence" as "the offender's present place of abode."[1]  I.C. § 18-8303(15).

On appeal, Muriel does not challenge the fact that he was convicted in Oregon in July 1993 for two counts of sexual penetration of a person under the age of twelve years in violation of O.R.S. 163.411; the district court's ruling that this offense is substantially equivalent to the Idaho offense of lewd conduct with a minor child under sixteen years old, I.C. § 18-1508; or Muriel's lack of registration in Idaho as a sexual offender. Rather, Muriel's only argument on appeal is that "the State failed to present any evidence that [he] had come into Ada County *to establish residence*."

We disagree. The State presented the testimony of ten different BPD officers who encountered Muriel in Boise on various dates between June 2017 and his arrest in June 2018. Several of those officers testified Muriel was homeless in Boise.[2]  In particular, Muriel admitted to one officer that he was living on the streets of Boise. Specifically, Officer Iverson testified Muriel "stated to me that he was living on the street." Muriel disputes the meaning of Officer Iverson's testimony, arguing that "a person can 'be in' a place without intending to 'establish a residence' there." We decline, however, to substitute our view for that of the trier of fact as to the reasonable inferences to be drawn from Officer Iverson's and the other witnesses' testimony. *See Knutson*, 121 Idaho at 104, 822 P.2d at 1001 (noting rule that appellate court will not substitute its view of evidence).

We also disagree with Muriel's assertion that this case is similar to *State v. Lee*, 153 Idaho 559, 286 P.3d 537 (2012). In that case, Lee was required to and did register as a sex offender in Idaho. *Id.* at 560, 286 P.3d at 538. Thereafter, however, Lee was arrested in Belize

---

[1]     No Idaho appellate court has addressed the meaning of the phrase "to establish residence" in I.C. § 18-8304. Previously, however, the Idaho Supreme Court has ruled that the terms "resides" or "temporarily domiciled," as used in a prior version of I.C. § 18-8304, "clearly connote more than a passing through or presence for a limited visit." *State v. Zichko*, 129 Idaho 259, 262, 923 P.2d 966, 969 (1996).

[2]     Muriel neither directly argues nor cites any authority to support the proposition that being "homeless" is the equivalent of not establishing a residence for purposes of the SORA's application. Moreover, the SORA provides a means by which an offender who resides in the county but does not have an actual physical address must register: "A sexual offender who does not provide a physical residence address at the time of registration shall report, in person, once every seven (7) days to the sheriff of the county in which he resides." I.C. § 18-8308(4).

4

in connection with an unrelated investigation, extradited to Idaho, and charged with failure to register as a sex offender. *Id.* At trial, the only evidence the State submitted to prove Lee had actually changed his address without registering was an unopened envelope containing a registration notice which the Idaho State Police Sex Offender Registry (Registry) had sent Lee. *Id.* The Registry sent this notice to Lee's last known address on North Street but the post office returned the notice with a handwritten note on the envelope, stating "Does Not Live Here" and a computer-generated "Return to Sender" sticker indicating a possible new address on Howard Street. *Id.* Based on this evidence, the jury convicted Lee of failing to register as a sex offender. *Id.*

On appeal, Lee argued, among other things, that the State never proved he had moved to a new address or actually changed his residence. *Id.* at 560-61, 286 P.3d at 538-39. After the Idaho Supreme Court concluded the statute did not apply to require an offender to register when he changed his address or actual residence to another country, the Court addressed Lee's challenge to the sufficiency of the evidence. *Id.* at 562, 286 P.3d at 540. The Court noted that the State did not present evidence to establish who placed the sticker on the envelope, provided the Howard Street address, reported a change of address to the post office, or lived at the Howard Street address at the time in question. *Id.* Accordingly, the Court ruled the envelope was not sufficient to prove beyond a reasonable doubt that Lee had changed his address from the North Street address to the Howard Street address. *Id.*

Contrary to *Lee*, the evidence in this case that Muriel was in Boise is not speculative. BPD officers repeatedly encountered Muriel in Boise between June 2017 and June 2018; several testified Muriel was homeless; and one testified Muriel admitted to living on Boise's streets. That the BPD officers' encounters with Muriel did not occur between February and May 2018 does not establish, as Muriel argues, that he returned to "his place of residence" in Oregon and resolved his outstanding Oregon warrant. Contrary to Muriel's argument, no evidence supports his assertion that his outstanding Oregon warrant was "resolved" during this timeframe. Rather, the evidence shows Muriel repeatedly gave BPD officers who asked for identification an alias, which likely accounts for their inability to locate the outstanding Oregon warrant. Moreover, Muriel's argument simply urges the Court to reweigh the evidence which we decline to do. *See Knutson*, 121 Idaho at 104, 822 P.2d at 1001 (giving deference to view of trier of fact).

**III.**

**CONCLUSION**

Considering all the evidence in a light most favorable to the prosecution, we hold that a reasonable trier of fact could have found the State sustained its burden of proving Muriel was residing in Boise for purposes of registering as a sex offender in Ada County. *See, e.g.*, *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101 (Ct. App. 1998) (considering evidence in light most favorable to prosecution). Accordingly, we affirm Muriel's judgment of conviction.

Judge GRATTON and Judge LORELLO **CONCUR**.