## IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 50667-2023

JESSICA WISEMAN, an individual; JACOB )
WISEMAN, an individual; N.W., K.W., and )
B.W., minor children, by and through their )
Guardian Jessica Wiseman, )
    )
    Plaintiffs-Appellants, )
    )
v. )
    )
NATHAN RENCHER, D.O., an individual, )
    )
    Defendant-Respondent, )
    )
and )
    )
SUMMIT ORTHOPEDICS, PLLC, an Idaho )
professional limited liability company; CHRIS )
DAHLE, DPT, an individual; and RIGBY )
PHYSICAL THERAPY, PLLC, an Idaho )
professional limited liability company, )
    )
    Defendants. )
    )

Idaho Falls, June 2024 Term

Opinion filed: August 5, 2024

Melanie Gagnepain, Clerk

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Bruce L. Pickett, District Judge.

The decision of the district court is <u>reversed</u>, and the case is <u>remanded</u>.

Olsen Taggart PLLC, Idaho Falls, for Appellants. Nathan M. Olsen argued.

Hawley Troxell Ennis & Hawley LLP, Pocatello, for Respondent Nathan Rencher, D.O. Cathy R. Silak argued.

---

ZAHN, Justice.

This case concerns whether a district court can review an advisory decision of an Idaho Board of Medicine prelitigation screening panel. Dr. Nathan Rencher filed a motion for summary judgment under seal, seeking to dismiss the claims of Jessica Wiseman and her children on the

basis that they failed to comply with the mandatory prelitigation screening requirements of Idaho law. In support of his motion, Rencher filed, under seal, a copy of the prelitigation screening panel's advisory decision. The district court later granted Rencher's motion for summary judgment, concluding that the Wisemans had failed to comply with the prelitigation screening requirement based on information contained in the advisory decision. The Wisemans also filed a motion to disqualify the district judge because he had reviewed the advisory decision, which the judge denied.

The Wisemans appeal the district court's decision dismissing their claims against Rencher, arguing that the district court erred by considering the advisory decision. The Wisemans also argue that the prelitigation screening statutes are unconstitutional and that the district judge should be disqualified for cause on remand. We reverse the district court's grant of summary judgment in favor of Rencher because the prelitigation screening statutes precluded the district court from considering the advisory decision. We decline the Wisemans' request to disqualify the district judge on remand.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Jessica Wiseman and her children sued Rencher and others, asserting claims for the wrongful death of Eric Wiseman due to medical malpractice and gross negligence. Rencher was the only defendant subject to the prelitigation screening panel requirement in Idaho Code sections 6-1001 through 6-1011 and is the only defendant involved in this appeal. Pursuant to those statutes, the Wisemans filed a "Medical Malpractice Prelitigation Hearing Application & Claim" against Rencher. The Idaho State Board of Medicine appointed a prelitigation hearing panel, which held a hearing and issued an advisory decision.

Rencher later moved for summary judgment in the district court, arguing that the Wisemans failed to fulfill the prelitigation proceeding requirement. We will not discuss the specific argument made by Rencher because doing so would require the disclosure of information that, as we will later explain, is not subject to judicial review. Rencher's motion was premised on Idaho Code section 6-1001, which provides that the prelitigation screening process is "compulsory as a condition precedent to litigation." In support of his motion, Rencher filed a copy of the prelitigation screening panel's advisory decision. Rencher's motion, along with his supporting memorandum and declaration of counsel, were filed under seal pursuant to an order that he obtained from the district court in advance of filing.

In response, the Wisemans filed a motion seeking to remove Rencher's motion for summary judgment and supporting documents from the record. The Wisemans argued that the prelitigation screening panel's advisory decision was highly prejudicial, extrajudicial information not subject to review by the district court, and Rencher's motion and supporting documents referencing it should be removed from the record. The Wisemans also filed a motion to disqualify the district judge for cause pursuant to Idaho Rule of Civil Procedure 40(b) because he was exposed to the advisory decision, which created, in their view, the appearance of bias.

The district court denied the Wisemans' motion to disqualify. The district court then granted in part and denied in part the Wisemans' motion to remove Rencher's pleadings from the record, concluding that portions of the advisory decision were relevant and therefore admissible to prove whether the Wisemans met the prelitigation screening panel requirement. The district court redacted the remaining portions of the panel's advisory decision.

The Wisemans then moved to strike the prelitigation screening panel's advisory decision from the record because it "is privileged, opposing counsel lacks personal knowledge, the Advisory Opinion is hearsay, the Advisory Opinion is conclusory, and the Advisory Opinion is not subject to 'judicial or other review[.]'" The Wisemans also argued that the district court should deny Rencher's motion for summary judgment because the prelitigation screening panel requirement is unconstitutional.

The district court granted in part and denied in part the Wisemans' motion to strike, addressing only the Wisemans' new arguments that the advisory decision contained hearsay and was conclusory. The district court struck one sentence in the redacted advisory decision because it was conclusory but otherwise denied the Wisemans' motion. In a separate decision, the district court granted Rencher's motion for summary judgment after concluding that the prelitigation screening panel requirement was constitutional, and that the Wisemans failed to comply with that requirement. The district court then issued a final partial judgment in favor of Rencher, which the Wisemans timely appealed.

## II.    ISSUES ON APPEAL

1. Whether the district court erred in granting Rencher's motion for summary judgment.
2. Whether the district judge should be disqualified on remand.
3. Whether either party should be awarded attorney fees on appeal.

## III. STANDARDS OF REVIEW

"When reviewing a summary judgment ruling . . . , this Court applies the same standard utilized by the district court in deciding the motion." *Christiansen v. Potlatch #1 Fin. Credit Union*, 169 Idaho 533, 540, 498 P.3d 713, 720 (2021) (citations omitted). Accordingly, "this Court exercises free review to determine if summary judgment is proper." *Id*. "Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id*. (internal quotation marks and citation omitted).

"Denial of a motion for disqualification of a judge is reviewed under an abuse of discretion standard." *Idaho Dep't of Health & Welfare v. Doe*, 161 Idaho 660, 664, 389 P.3d 946, 950 (2016) (quoting *State v. Dunlap*, 155 Idaho 345, 390, 313 P.3d 1, 46 (2013)). To determine whether a court has abused its discretion, this Court asks "[w]hether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018) (citation omitted).

## IV. ANALYSIS

### A. The district court erred in granting summary judgment because the prelitigation screening statutes precluded it from considering the advisory opinion for any purpose.

The district court's decision dismissing the Wisemans' claims against Rencher was based on the compulsory hearing process outlined in the prelitigation screening statutes found at Idaho Code sections 6-1001 to 6-1011. Section 6-1001 instructs the Idaho State Board of Medicine to facilitate prelitigation screening proceedings for medical malpractice cases involving physicians and acute care general hospitals. Proceedings are "informal and nonbinding, but nonetheless compulsory as a condition precedent to litigation." I.C. § 6-1001. The Idaho State Board of Medicine appoints a hearing panel to hear complaints made by or on behalf of a patient who is an alleged victim of negligence. I.C. § 6-1002. The panel provides the parties with a nonbinding advisory decision regarding the merits of the claim and may also recommend a settlement amount. *See* I.C. § 6-1004; I.C. § 6-1001. There is no record of the proceedings, and all evidence is returned to the parties upon completion of the prelitigation hearing process. I.C. § 6-1003. The statutes specifically provide that "[t]here shall be no judicial or other review or appeal of such matters" and that "[n]o party shall be obliged to comply with or otherwise [be] affected or prejudiced by

the proposals, conclusions or suggestions of the panel or any member or segment thereof[.]" I.C. § 6-1005 (third alteration in original).

The district court granted in part and denied in part the Wisemans' motion to expunge the advisory decision after concluding that the prelitigation screening statutes permitted it to consider the prelitigation screening panel's advisory opinion for the limited purpose of determining whether the Wisemans complied with the prelitigation screening requirement. The district court concluded that the statutes were ambiguous in this regard and that construing the statutes to allow the district court to review portions of the advisory decision was consistent with the legislative purpose of the statutes. The district court then concluded that the statutes conflicted with Idaho Rules of Evidence 413 and 520 because those rules barred admission of the advisory decision. Nonetheless, the district court concluded that the statutes controlled because the conflict concerned a substantive issue of law, rather than a procedural issue.

The district court subsequently relied on the advisory decision to grant summary judgment in favor of Rencher. The district court concluded that the advisory decision established that there was no genuine dispute that the Wisemans failed to meet the prelitigation screening panel requirement.

The Wisemans argue that the district court erred in granting summary judgment in favor of Rencher because the prelitigation screening statutes precluded the district court from considering the panel's advisory opinion. The Wisemans also argue that the prelitigation screening statutes are unconstitutional and that this Court should disqualify the district judge if the case is remanded. In response, Rencher argues that we should interpret the compulsory language of Idaho Code section 6-1001 to require more than the filing of a claim with the Idaho State Board of Medicine and therefore the advisory decision was admissible to establish that the Wisemans failed to comply with the prelitigation hearing requirement.

We hold that the district court erred because the prelitigation screening statutes preclude judicial review of the advisory decision for any purpose:

> <u>There shall be no judicial or other review or appeal of such matters</u>. No party shall be obliged to comply with or otherwise [be] affected or prejudiced by the proposals, conclusions or suggestions of the panel or any member or segment thereof; however, in the interest of due consideration being given to such proceedings and in the interest of encouraging consideration of claims informally and without the necessity of litigation, the applicable statute of limitations shall be tolled and not

be deemed to run during the time that such a claim is pending before such a panel and for thirty (30) days thereafter.

I.C. § 6-1005 (alteration in original) (emphasis added). Moreover, the second sentence of section 6-1005 unambiguously provides that the Wisemans could not be affected or prejudiced by the screening panel's conclusions or suggestions. The statute contains no exceptions. Section 6-1005 unambiguously precluded the district court from reviewing or considering the advisory decision. Because the district court's summary judgment decision rested entirely on portions of the advisory decision, we reverse its grant of summary judgment and remand this case for further proceedings.

Having resolved the merits of the Wisemans' appeal on these grounds, we do not reach the Wisemans' arguments regarding the constitutionality of the prelitigation screening panel statutes. "This Court will not address constitutional issues when a case can be decided upon other grounds." *State v. Smith*, 161 Idaho 782, 785, 391 P.3d 1252, 1255 (2017) (alteration omitted) (quoting *State v. Lee*, 153 Idaho 559, 563, 286 P.3d 537, 541 (2012)).

**B.  The Wisemans have not established that the district judge should be disqualified.**

The district court also denied the Wisemans' motion to disqualify. The district court stated that it was not influenced or biased by reviewing the advisory decision and that, ultimately, the district court was merely resolving a disputed evidentiary issue—a routine task that often arises during the litigation process.

The Wisemans do not argue that the district court abused its discretion in denying their motion to disqualify, but instead ask this Court to disqualify the district judge on remand pursuant to this Court's decision in *Hepworth Holzer, LLP v. Fourth Judicial District of State*, 169 Idaho 387, 496 P.3d 873 (2021). The Wisemans do not explicitly argue that the district judge is biased or prejudiced, but instead argue that this Court should disqualify him on "the appearance" of bias or prejudice. We deny the Wisemans' request to disqualify the district judge because this case is distinguishable from *Hepworth Holzer* and the Wisemans have otherwise failed to demonstrate that allowing the district judge to remain on the case would lead to "even the appearance of impropriety." *Id.* at 400, 496 P.3d at 886.

Idaho Rule of Civil Procedure 40(b) provides four bases upon which a judge can be disqualified for cause. Relevant here, Rule 40(b)(1)(D) provides that a party can disqualify a judge for cause if "the judge is biased or prejudiced for or against any party or the subject matter of the action." "[U]nless there is a demonstration of 'pervasive bias' derived either from an extrajudicial source or facts and events occurring at trial, there is no basis for judicial recusal." *Athay v. Rich*

6

*County*, 153 Idaho 815, 820, 291 P.3d 1014, 1019 (2012) (alteration in original) (quoting *Bach v. Bagley*, 148 Idaho 784, 792, 229 P.3d 1146, 1154 (2010)).

In addition to the grounds identified in Rule 40(b)(1)(D), this Court has also disqualified a district judge for cause based solely on the appearance of bias. *See Hepworth Holzer*, 169 Idaho at 399–400, 496 P.3d at 885–86. In *Hepworth Holzer*, we disqualified the district judge after concluding that the district judge became a party to the case and participated in the litigation. *Id.* Although this Court noted that it did not find that the district judge was biased, we concluded that the "unique facts" of that case warranted disqualifying the district judge on remand given the appearance of bias. *Id.* However, we expressly stated that our holding was limited to the facts of that case and "should not be viewed as an expanded means of disqualifying a sitting judge throughout a case." *Id.* at 400, 496 P.3d at 886; *see also Idaho State App. Pub. Def. v. Fourth Jud. Dist. Ct.*, 173 Idaho 140, 157, 540 P.3d 311, 328 (2023) (declining to "fit this case within the narrow holding of *Hepworth Holzer* because we conclude that the record demonstrates clear bias").

The facts of this case are readily distinguishable from those of *Hepworth Holzer*. The district judge in this case is not a party to this appeal nor is this an original action seeking writ relief. Instead, this case is a standard appeal involving questions of statutory interpretation. The district judge attempted to interpret the statute consistent with its legislative purpose. Although we conclude that the district judge erred, the circumstances here do not compare to those present in *Hepworth Holzer*, nor does the district judge's legal error compel the conclusion that he is biased or prejudiced.

Trial judges routinely consider contested evidence and make rulings on its admissibility. Sometimes this Court reverses the ruling on appeal. Erroneously considering inadmissible evidence typically does not, standing by itself, give rise to actual bias or prejudice. *See Plasse v. Reid*, 172 Idaho 53, 65, 529 P.3d 718, 730 (2023) ("An adverse ruling, on its own, is insufficient evidence of bias."); *cf. State v. Shackelford*, 155 Idaho 454, 459, 314 P.3d 136, 141 (2013) ("[A] trial judge's exposure to evidence, admissible or not, standing alone, does not demonstrate bias at sentencing."). The Wisemans have failed to demonstrate that any appearance of bias falls within our narrow holding in *Hepworth Holzer* or that the district judge exhibited actual bias. Therefore, we decline to disqualify the district judge on remand.

**C.  Neither party is awarded attorney fees on appeal.**

Both parties seek attorney fees pursuant to Idaho Code section 12-121, which states that attorney fees may be awarded to the prevailing party when "the case was brought, pursued or defended frivolously, unreasonably or without foundation." "This Court has recognized that 'the prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis.'" *Burns Concrete, Inc. v. Teton County*, 172 Idaho 82, 91, 529 P.3d 747, 756 (2023) (quoting *Frost v. Gilbert*, 169 Idaho 250, 270, 494 P.3d 798, 818 (2021)). "Where both parties prevail in part on appeal, this Court does not award attorney fees to either party." *Id.* at 95, 529 P.3d at 760 (quoting *AgStar Fin. Servs., ACA v. Nw. Sand & Gravel, Inc.*, 168 Idaho 358, 374, 483 P.3d 415, 431 (2021)).

We decline to award attorney fees to either party because both parties prevailed in part on appeal. The Wisemans prevailed in part because we reversed the district court's grant of summary judgment in favor of Rencher. Rencher prevailed in part because we declined to disqualify the district judge.

## V.    CONCLUSION

For the reasons discussed herein, we reverse the district court's grant of summary judgment in favor of Rencher and remand for further proceedings consistent with this opinion.

Chief Justice BEVAN, and Justices BRODY, MOELLER, and MEYER CONCUR.