185 P.3d 258

Mike LETTUNICH, in his capacity as general partner and limited partner of Lettunich & Sons Limited Partnership, Plaintiff–Respondent,

v.

Edward LETTUNICH, in his capacity as general partner and limited partner of Lettunich & Sons Limited Partnership, Defendant–Appellant.

No. 33612.

Supreme Court of Idaho, Boise, April 2008 Term.

May 20, 2008.

White Peterson P.A., Nampa, for appellant. Julie Klein Fischer argued.

Hawley, Troxell, Ennis & Hawley, LLP, Boise, for respondent. Merlyn W. Clark argued.

EISMANN, Chief Justice.

This is an appeal from an award of court costs and attorney fees. We affirm the

award of attorney fees, reverse the award of copying costs and expert witness fees, and award attorney fees on appeal.

## I. FACTS AND PROCEDURAL HISTORY

Edward Lettunich (Ed) and Mike Lettunich (Mike) were partners in Lettunich & Sons Limited Partnership, which operated a cattle ranching operation begun by their father in 1969. After the partnership began experiencing financial difficulties, Mike filed an action in March 1999 to dissolve it. The parties engaged in mediation, which resulted in them entering into a settlement agreement dated October 25, 1999, which contained terms for winding up and terminating the partnership. Unfortunately, the settlement agreement did not result in an end to the litigation. After various hearings and a seven-day trial, the district court entered a final judgment on August 2, 2002, which included an award to Mike of attorney fees in the sum of $175,854.00.

Ed appealed, and the attorney fee award was one of the rulings that he challenged. He contended that the settlement agreement did not provide for the award of attorney fees in the litigation that followed it and that, even if it did, the district court abused its discretion in determining the amount of the award. We upheld the district court's ruling that Mike was entitled to an award of a reasonable attorney fee pursuant to the terms of the settlement agreement, but we vacated the amount of that award. We remanded the case for a redetermination of the amount of a reasonable attorney fee award for Mike's pre-appeal attorney fees. *Lettunich v. Lettunich*, 141 Idaho 425, 111 P.3d 110 (2005) (*Lettunich I* ).

On remand, the parties submitted additional affidavits regarding what would be a reasonable attorney fee. Following a two-day hearing, the district court[1] awarded Mike attorney fees in the sum of $168,662.00 for legal services rendered prior to the first appeal. It also awarded him $15,193.13 in attorney fees and $2,590.46 in court costs for

the remand proceedings. Ed then timely appealed.

## II. ISSUES ON APPEAL

1. Did the district court abuse its discretion in awarding attorney fees?

2. Did the district court err in awarding attorney fees incurred in the proceedings on remand?

3. Did the district court abuse its discretion in determining the amount of attorney fees to award for the proceedings on remand?

4. Did the district court err in awarding costs as a matter of right on remand?

5. Is either party entitled to an award of attorney fees on appeal?

## III. ANALYSIS

### A. Did the District Court Abuse Its Discretion in Awarding Attorney Fees?

■ Ed challenges the amount of attorney fees awarded by the district court on remand. "The calculation of reasonable attorney fees is within the discretion of the trial court." *Bott v. Idaho State Bldg. Authority*, 128 Idaho 580, 592, 917 P.2d 737, 749 (1996). "The burden is on the party opposing the award to demonstrate that the district court abused its discretion." *Eastern Idaho Agricultural Credit Ass'n v. Neibaur*, 133 Idaho 402, 412, 987 P.2d 314, 324 (1999). To determine whether the trial court abused its discretion, we determine: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Id.*

■ "When awarding attorney's fees, a district court must consider the applicable factors set forth in I.R.C.P. 54(e)(3) and may

1. The district judge on remand was not the same district judge who made the initial award of attorney fees.

consider any other factor that the court deems appropriate." *Hines v. Hines*, 129 Idaho 847, 855, 934 P.2d 20, 28 (1997). "Rule 54(e)(3) does not require the district court to make specific findings in the record, only to consider the stated factors in determining the amount of the fees. When considering the factors, courts need not demonstrate how they employed any of those factors in reaching an award amount." *Smith v. Mitton*, 140 Idaho 893, 902, 104 P.3d 367, 376 (2004).

■ Because we vacated the award of attorney fees, the proceedings on remand were to determine anew what would be a reasonable award of attorney fees. Mike had the burden of convincing the district court of the reasonableness of the amount he claimed for attorney fees. He submitted detailed affidavits itemizing and explaining the basis for his claim. To object to the amount claimed by Mike, Ed had to state with particularity his objections [2] and provide any information he wanted the court to consider in support of his objections. The burden of persuasion as to what would be a reasonable award of attorney fees remained on Mike. That is the procedure followed by the district court on remand.

Mike provided the district court with affidavits addressing the various factors listed in Rule 54(e)(3). On remand, Ed challenged the reasonableness of $143,614.00 of the fees claimed and contended that the settlement agreement did not authorize the award of any attorney fees at all. The district court rejected the latter argument based upon *Lettunich I*. The court reviewed the file and the affidavits before the hearing, noting those entries for which it wanted more information. During the two-day hearing, Mike's counsel was able to answer questions from the court and explain hours expended that appeared excessive or duplicative, and Ed's counsel presented argument supporting his objections. Although Ed alleges that the district court did nothing more than "rubber stamp Mike's fee request as being reasonable and necessary," a reading of the transcript of the

hearing shows that it did not. It is obvious that the court carefully considered each entry that was challenged and found persuasive the explanations and information provided by Mike's counsel. The court ultimately awarded Mike $7,183.00 less in fees than he requested.

One of the factors that the trial court must consider when making an award of attorney fees is "[t]he prevailing charges for like work." I.R.C.P. 54(e)(3)(D). In *Lettunich I*, Ed contended that the district court had erred by basing its award of attorney fees on the hourly rates charged by Mike's attorneys, who were from Boise. His contention was that the hourly rates for Mike's Boise attorneys were higher than the hourly rates prevailing in the area where the case was tried. The district court had responded to that argument by stating that the hourly fees of Mike's counsel were consistent with those charged by the "largest of Idaho firms." On appeal, we held that the district court had erred and that it "should consider 'prevailing charges' in a geographic context, rather than in a strata context. That is, the court should consider the fee rates generally prevailing in the pertinent geographic area, rather than what any particular segment of the legal community may be charging." 141 Idaho at 435, 111 P.3d at 120.

Ed contends on this appeal that the district court again erred by basing its award of attorney fees upon the hourly rates charged by Mike's Boise attorneys. He argues that that "pertinent geographic area" is the Third Judicial District and that it does not include the neighboring Fourth Judicial District in which Boise is located.

■ The bottom line in an award of attorney fees is reasonableness. *See, Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 86 P.3d 475 (2004) (award of attorney fees vacated where prevailing party did not provide the trial court with sufficient information from which to determine the reasonableness of the amount claimed). The pertinent geographic area is

---

2. A party seeking an award of attorney fees is to do so by including them in its memorandum of costs. I.R.C.P 54(e)(5). To object, the opposing party must file a motion to disallow the claimed attorney fees, I.R.C.P 54(e)(6), which motion must state with particularity the grounds upon which it is based, I.R.C.P. 7(b)(1).

the area from which it would be reasonable to obtain counsel. Judicial Districts were drawn in order to facilitate court administration, not to provide a factor for determining a reasonable attorney fee. Attorneys routinely practice law in more than one judicial district.

On remand, the district court found that it was reasonable for Mike to obtain legal counsel from Boise, considering the complexity of this case and the time and resources that legal counsel would have to be able to devote to it. The time and resources necessary were due in large part to Ed's vigorous defense. During the course of the proceedings, Ed retained the services of six different law firms, including four located in the Fourth Judicial District—three in Boise and one in Meridian. The district court did not abuse its discretion in basing its award of attorney fees on the hourly rates charged by Mike's Boise counsel.

Ed next contends that the time spent by Mike's counsel was excessive and that it included time spent on redundant efforts. In *Lettunich I*, we noted that on its face the total amount of the award appeared excessive. Part of the problem was the lack of information provided to the district court when it made the initial award of attorney fees. In its order awarding fees, the court commented that it did not have information regarding all of the factors listed in Rule 54(e)(3). The trial court *must* consider all of the factors listed in I.R.C.P. 54(e)(3). *Hines v. Hines*, 129 Idaho 847, 855, 934 P.2d 20, 28 (1997). Although some of the information may come from the court's own knowledge and experience and some may come from the record in the case, some can only be supplied by the party. *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho at 769, 86 P.3d at 483. It is incumbent upon the party seeking the fees to provide the necessary information. *Id.*

On remand, Mike provided more detail regarding his attorney fee claim. The information he provided showed that some of this Court's assumptions in *Lettunich I* were incorrect.[3] The district court found that there was no duplication of effort and that the apparently excessive time was necessary to respond to the many arguments raised by Ed in an attempt to stop the dissolution.

Ed challenges the district court's comments about the amount of legal maneuvering by Ed in this case and his aggressive defense. Ed argues that the fact that these proceedings were "fraught with acrimony and contentiousness ... should not have been the basis for allowing Mike to recover nearly all of the attorney fees he requested." Ed's repeated efforts to prevent the dissolution of the partnership and the sale of its assets increased the amount of time that Mike's attorneys had to spend in prosecuting this matter to a conclusion. The district court correctly considered Ed's actions in determining the amount of time reasonably required by Mike's attorneys.

Ed contends that the district court erred in awarding fees for two attorneys to be present at trial representing Mike. Whether it is an abuse of discretion to award fees for two attorneys being present during the trial depends upon whether the trial court concludes that two attorneys were reasonably required. The district court found that they were, and noted that Ed also had two attorneys representing him at the trial. Ed has failed to show that the district court erred in awarding fees for the time spent by two attorneys to be present at the trial representing Mike.

Finally, Ed argues that the district court erred in awarding fees for the time that

---

**3.** In *Lettunich I*, we said that "the amount awarded exceeds that ever-elusive definition of reasonableness." 141 Idaho at 435, 111 P.3d at 120. As examples, we stated, "Mike's three attorneys billed about 379 hours, or around $70,000, for the final hearings and preparation therefor." *Id.* On remand, it was shown that the amount billed was actually $45,840. We also stated, "Much of this time [267 hours drafting and discussing briefs] involved two attorneys working on the same project, according to the billing statements." *Id.* On remand, it was shown that the attorneys divided between themselves the task of responding to the fifty-one issues raised by Ed, so there was no duplication of labor. Finally, we stated that "two of Mike's three attorneys were partners in their firm." *Id.* In actuality, only one of the two attorneys was a partner at the time. The other became a partner about two years after the trial.

attorney Merlyn Clark spent researching legal issues and drafting briefs because those tasks should have been delegated to a lower paid associate. The district court considered Ed's arguments and determined that it was reasonable for Mr. Clark to perform these tasks. Ed has not shown that the court abused its discretion.

## B. Did the District Court Err in Awarding Attorney Fees Incurred in the Proceedings on Remand?

█ The district court awarded Mike $15,193.13 in attorney fees for the remand proceedings, based upon the attorney fee provision in the settlement agreement. Ed contends that the settlement agreement does not permit the award of attorney fees to litigate the reasonableness of the attorney fee award for litigating the merits of the case. The attorney fee provision in the settlement agreement provided, "In the event of any legal action to enforce the terms of this settlement agreement, the prevailing party shall be entitled to an award of costs, including attorney fees." The terms of the settlement agreement include the term providing that the prevailing party was entitled to an award of attorney fees. Where Mike prevailed in this litigation brought to enforce other terms in the agreement, the continuation of the litigation in order to determine the amount that he is entitled to be awarded in attorney fees is likewise part of the legal action to enforce the terms of the agreement. He is enforcing his right to be awarded reasonable attorney fees as the prevailing party in the action. Where he had a legal right to recover attorney fees as the prevailing party in the action, litigation over the amount of the attorney fee award is also part of the legal action for which he is entitled to an award of attorney fees.[4] The district court did not err in holding that Mike was entitled to an award of attorney fees for the proceedings on remand.

## C. Did the District Court Abuse its Discretion in Determining the Amount of Attorney Fees to Award for the Proceedings on Remand?

█ Ed contends that the $15,193.13 awarded by the district court is unreasonable in amount. He first challenges the inclusion of $170.63 for computer assisted research in the award of attorney fees. Ed makes several arguments regarding the computer assisted research, which are simply misstatements of the record. He asserts that Mike's attorneys and expert witnesses agreed that the cost of computer assisted research was not applicable and the district court orally acknowledged that fact. What Ed fails to mention is that these statements were made regarding the award of attorney fees for the proceedings that occurred prior to the first appeal, they were not made with respect to the request for attorney fees for the remand proceedings. Ed also asserts that the district court found that the cost of computer assisted research should not in the interest of justice be awarded against Ed. What Ed fails to mention is that the district court so stated in ruling that because that cost had been included in the award of attorney fees, it would not in the interest of justice be awarded as a discretionary cost. Ed has failed to show that the district court abused its discretion in awarding $170.63 as the cost of computer assisted research as part of the award of attorney fees.

Ed next contends that the district court abused its discretion in awarding $2,182.50 in attorney fees for the time spent by Merlyn Clark, the majority of which was spent conferring with Mike's expert regarding attorney fees and preparing affidavits in support of the request for attorney fees. Ed argues that there was no showing that it was neces-

---

4. The award of attorney fees for the proceedings on remand was part of the award to which Mike was entitled as the prevailing party in the action. On remand, Ed took the position that Mike's entire claim for attorney fees should be denied. In the event it was not, Ed contended that $143,614.00 of the fees requested were unreasonable in amount, although Ed did not specify any sum that he contended would be a reasonable amount to award. The district court ultimately awarded Mike attorney fees in the sum of $168,662.00, which was, in Ed's words, a reduction of "a mere $7,183." Had Ed been more successful in the proceedings on remand, the district court could have taken that into consideration when awarding Mike attorney fees as the prevailing party in the action. *Smith v. Mitton*, 140 Idaho 893, 903, 104 P.3d 367, 377 (2004).

sary to retain an expert to review the billings from Mike's attorneys and to express an opinion regarding the reasonableness of those charges. Ed vigorously challenged the amount of attorney fees claimed by Mike, specifically identifying charges totaling $143,614.00 that he contended were unreasonable in amount. The initial attorney fee award was vacated in *Lettunich I* because of the lack of information in the record supporting the reasonableness of the award. The district court did not abuse its discretion in awarding attorney fees for the time spent by Mr. Clark in consulting with the expert witness and in preparing affidavits that provided information lacking at the time of the initial award.

Finally, Ed contends that the district court should not have awarded attorney fees for time spent by both Mr. Clark and co-counsel on remand and that co-counsel should have delegated "at least some of the drafting, editing and research" to a paralegal. Ed does not point to any specific facts that would show an abuse of discretion on the part of the district court. The district court carefully reviewed the charges for Mr. Clark's time and refused to award $6,020.55 of those charges. Ed's vague assertion that co-counsel could have delegated some unspecified portion of his work to a paralegal does not come close to showing an abuse of discretion by the district court.

**D. Did the District Court Err in Awarding Costs as a Matter of Right on Remand?**

For the remand proceedings, the district court awarded Mike costs in the sum of $2,590.46. That sum consisted of $2,000.00 for expert witness fees, $500.00 for the cost of exhibits, $30.83 for postage, and $59.63 for mileage. Ed challenges the entire award of costs on appeal.

■ A prevailing party is entitled to recover as a matter of right "[r]easonable expert witness fees for an expert who testifies at a deposition or at a trial of an action not to exceed the sum of $2,000 for each expert witness for all appearances." I.R.C.P. 54(d)(1)(C) 8. Mike's expert witness testified by affidavit, not in person. The issues are whether the two-day hearing regarding the amount of attorney fees was "a trial" as those words are used in the Rule and whether the Rule requires that the witness testify in person. The Rule provides for the award of expert witness fees for an expert witness who testifies "*at* a trial," with a limit of $2,000 "for all *appearances*." (Emphasis added.) That language indicates that the expert must testify in person at the trial. Although there are certainly good arguments as to why an expert witness who testifies by affidavit should be included in Rule 54(d)(1)(C) 8, doing so would require amending the language of the rule. Therefore, the district court erred in awarding Mike $2,000.00 in expert witness fees as costs as a matter of right.

■ A prevailing party is entitled to recover as a matter of right the "[r]easonable costs of the preparation of ... exhibits admitted in evidence as exhibits in a hearing or trial of an action, but not to exceed the sum of $500 for all of such exhibits of each party." I.R.C.P. 54(d)(1)(C) 6. In his memorandum of costs, Mike sought $507.96 as copying costs. The district court awarded $500 of that sum as the cost of exhibits admitted into evidence during the hearing. Mike admits on appeal, however, that there is nothing in the record showing what portion, if any, of the $507.96 was incurred to create the exhibits admitted during the hearing. Therefore, the district court erred in making this award of costs. *Perry v. Magic Valley Reg'l Med. Ctr.*, 134 Idaho 46, 59–60, 995 P.2d 816, 829–30 (2000).

■ A prevailing party can be awarded discretionary costs if the trial court finds that they were necessary and exceptional costs reasonably incurred that in the interest of justice should be assessed against the adverse party. I.R.C.P. 54(d)(1)(D). The district court awarded Mike discretionary costs in the sum of $30.83 for postage and $59.63 for mileage. The court found that these sums were necessary and reasonably incurred, that they were exceptional in that they were due to Ed's continuous objections to the award of attorney fees, and that in the interest of justice they should be assessed against Ed. Ed has not shown that the dis-

trict court abused its discretion in making this award.

### E. Is Either Party Entitled to an Award of Attorney Fees on Appeal?

Ed seeks an award of attorney fees on appeal pursuant to Idaho Code § 12–121, arguing that any defense to the amount of attorney fees awarded on remand is unreasonable and frivolous. Obviously, Mike's defense of the award of attorney fees was not unreasonable or frivolous.

■ Mike seeks an award of attorney fees on appeal pursuant to the settlement agreement and Idaho Code § 12–121. Attorney fees are awardable to the prevailing party under the terms of the settlement agreement. On this appeal, Ed sought to have the $168,662.00 awarded for legal services rendered prior to the first appeal vacated, the $15,193.13 awarded for legal services rendered during the remand proceedings reversed, and the award of $2,590.46 as costs reversed. Although Ed succeeded in having $2,500.00 in costs reversed, considering the final result of this appeal and the amounts in dispute, we find that Mike is the prevailing party. We therefore award him attorney fees on appeal pursuant to the terms of the settlement agreement. With that award, we need not consider his claim to attorney fees under Idaho Code § 12–121.

### IV. CONCLUSION

We reverse the award of $2,000 for expert witness fees and $500 for the cost of preparing exhibits, and we affirm the balance of the judgment. We award costs on appeal, including a reasonable attorney fee, to the respondent.

Justice HORTON and Justices Pro Tem LANSING, WALTERS and CAREY concur.

