# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49463

BURNS CONCRETE, INC., an Idaho
corporation; and BURNS HOLDINGS, LLC,
an Idaho limited liability company,

    Plaintiffs-Counterdefendants-
    Appellants-Cross Respondents,

v.

TETON COUNTY, a political subdivision of
the State of Idaho,

    Defendant-Counterclaimant-
    Respondent-Cross Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, February 2023 Term

Opinion filed: May 12, 2023

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Seventh Judicial District of the State of
Idaho, Teton County. Dane H. Watkins, Jr., District Judge.

The judgment of the district court is affirmed.

Parsons Behle & Latimer, Boise, for Appellants. Robert B. Burns argued.

Hall Angell & Associates, LLP, Idaho Falls, for Respondent. Blake G. Hall argued.

---

ZAHN, Justice.

This appeal concerns the district court's award of attorney fees to Burns Concrete, Inc.,
and Burns Holdings, LLC (collectively "Burns"). After extensive litigation, Burns prevailed on
the merits of its claims and judgment was entered against Teton County. The district court awarded
Burns attorney fees pursuant to the parties' development agreement. Both Burns and Teton County
appeal, arguing the district court abused its discretion in awarding the fees. Burns argues the
district court should have awarded more fees, while Teton County argues it should have denied
the fees or awarded less fees. For the reasons discussed below, we affirm the district court.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. Factual Background

In 2006, Burns purchased property in Teton County upon which it intended to build and operate a concrete manufacturing facility. *Burns Concrete, Inc. v. Teton County*, 168 Idaho 442, 447, 483 P.3d 985, 990 (2020) ("*Burns 2020*"). Shortly thereafter, Burns entered into a development agreement with Teton County concerning the facility. *Id.* Burns later sued Teton County in May 2013, asserting causes of action for breach of the development agreement and rescission, a declaratory judgment, and unjust enrichment. *Id.* Teton County counterclaimed, seeking declaratory judgment and alleging breach of contract. *Id.* The litigation was lengthy and continued for eight years and included two prior appeals to this Court.

For much of the litigation, Burns maintained a traditional, hourly-based attorney fee agreement with its law firm, Parsons Behle & Latimer. *Id.* at 449, 483 P.3d at 992. By the time of trial, Burns claimed that it could no longer meet its financial obligations to Parsons Behle "on a reasonably current basis." *Id.* Shortly after the trial concluded, but before the district court issued its findings of fact and conclusions of law, Burns and Parsons Behle entered into a new fee agreement. *See id.*

The new agreement provided for different hourly rates depending on when the fees were paid:

> 4. All fees (but not costs) previously or subsequently billed for the Lawsuit that have not yet been or are not hereafter, as applicable, paid within 120 days from the respective invoice dates (of which there are currently $44,297.50 in such fees) shall be converted to the following modified contingent-fee terms:
>
> > (a) Three times (300%) the total amount of such fees shall be payable to the Firm out of the first dollars collected from Teton County with respect to the Lawsuit, whether received on judgment entered against or upon settlement with Teton County; and
> >
> > (b) Payment of those fees not paid within 120 days from their respective invoice dates is contingent upon the collection of money from Teton County with respect to the Lawsuit, and none of such fees shall be payable by the Burns entities other than out of any moneys collected from Teton County with respect to the Lawsuit.
>
> 5. Excepting only those fees relating to the Lawsuit converted to the modified contingent-fee terms provided in the foregoing part 4, the Burns entities will remain personally liable for the payment of the Firm's fees and costs previously or subsequently billed to them.

*Id.* at 461, 483 P.3d at 1004. The new fee agreement required Burns to pay enhanced attorney fees in the amount of triple the hourly rate if fees were not paid within 120 days of their invoice date. *Id.* at 449, 461, 483 P.3d at 992, 1004. However, Burns was only required to pay this increased rate out of money collected from Teton County. *Id.* at 449, 483 P.3d at 992. In *Burns 2020*, we referred to this agreement as a "contingency fee agreement" and will, for the sake of consistency, maintain that label here. *See id.*

## B. Procedural History

This appeal concerns two of the district court's orders that awarded fees pursuant to the modified contingency fee agreement. The litigation between Burns and Teton County was extensive. As previously mentioned, this is the third time this Court has considered this lawsuit on appeal. The conflict between these parties also produced an appeal in another case. *See Burns Holdings, LLC v. Teton Cnty. Bd. of Comm'rs*, 152 Idaho 440, 272 P.3d 412 (2012).

The first appeal followed the district court's grant of summary judgment to Teton County. In 2016, this Court reversed that grant of summary judgment and remanded the case to the district court for further proceedings. *See generally Burns Concrete, Inc. v. Teton County*, 161 Idaho 117, 384 P.3d 364 (2016) ("*Burns 2016*"). On remand, the district court granted partial summary judgment in Burns' favor on its breach of contract claim, and the case proceeded to a court trial on damages. *Burns 2020*, 168 Idaho at 449, 483 P.3d at 992. The district court awarded Burns more than $1 million in damages. *Id.* at 450, 483 P.3d at 993. The district court entered judgment for that amount and both parties again appealed to this Court. *Id.*

Shortly after filing its second appeal, Burns filed a memorandum of costs and attorney fees pursuant to the attorney fee provision in the parties' development agreement. *Id.* Burns sought $1,071,753.73 in attorney fees. *Id.* The district court awarded $792,529.25 ("first fee order"). *Id.* Teton County appealed the order. *Id.*

Burns then filed its first supplemental fee request seeking attorney fees incurred since its first request and for enhanced attorney fees pursuant to the modified contingency fee agreement. *Id.* The district court awarded Burns $16,254.50 of its requested $88,603.50 in attorney fees ("first supplemental fee order"). *Id.* Burns cross-appealed the district court's first fee order and first supplemental fee order. *Id.*

The three appeals were consolidated and constituted the second appeal heard by this Court in this case. *See generally Burns 2020*, 168 Idaho 442, 483 P.3d 985. Our decision in the second

appeal affirmed the district court's grant of partial summary judgment to Burns on its breach of contract claim, but vacated the district court's award of damages and its attorney fee orders. *Id.* at 463, 483 P.3d at 1006. On the damages award, we remanded the case with instructions to increase the damages awarded to Burns. *Id.* On the attorney fee award, we held that the district court had abused its discretion by failing to adequately explain the basis for its award. *See id.* at 461–62, 483 P.3d at 1004–05. We also provided guidance to the district court on how it should assess the reasonableness of the "unconventional fee agreement" between Burns and Parsons Behle, explaining that the district court should consider several factors related to contingency fee agreements. *Id.* Finally, we denied Burns' request for an award of attorney fees incurred in the appeal. *Id.* at 463, 483 P.3d at 1006.

Following the second remand, the district court entered a memorandum decision and order concerning damages and attorney fees. Relevant to this appeal, the district court affirmed the $792,529.25 awarded in the first fee order. The district court explained that Burns originally sought $1,071,753.73 in attorney fees, $514,672.77 of which was computed at the normal hourly rate and $557,080.96 of which was computed at the enhanced hourly rate. The district court affirmed all but $684 of the normal rate fees. The district court also affirmed its award of $278,540.48 in enhanced fees, and provided additional explanation for its decision.

In affirming the enhanced fees, the district court noted the extensive litigation that had occurred prior to Burns entering the contingency fee agreement and the attorney fees incurred to that point "understandably impacted [Burns'] business operations." Further, the district court considered the risks Burns was facing when it entered the contingency fee agreement, including the risks associated with recovering damages that involved "highly contested issues and evidence[.]" The district court also considered the risks faced by Parsons Behle, which it found were "more difficult to measure." Ultimately, the district court concluded that an award for 300% of the hourly rate was unreasonable, but that an award for 200% of the hourly rate fees was reasonable.

The district court then addressed its first supplemental fee award. The district court determined that it failed to award enough attorney fees after considering the factors in Idaho Rule of Civil Procedure 54(e)(3) and the guidance provided by this Court in *Burns 2020*. The district court stated it found significance in this Court's guidance that a contingency fee agreement that was reasonable when entered into does not become unreasonable simply because more attorney

4

fees are ultimately recovered than would have been recovered under an hourly fee agreement. Thus, the district court awarded a portion of the enhanced hourly rate fees it had originally denied in its first supplemental fee order.

Following the district court's memorandum decision and order on remand, the parties litigated issues related to pre- and post-judgment interest. On May 7, 2021, the district court entered its amended judgment ("first amended judgment") awarding damages, costs, attorney fees, and setting accrual dates for pre-judgment interest. Neither party appealed the first amended judgment.

Burns thereafter filed two more attorney fee requests, which form the basis for this appeal. Burns first moved for a second award of supplemental attorney fees ("second supplemental fee request"), seeking a total of $311,935.00. Of the total sought, $173,246.50 was at the regular hourly rate and the remaining $138,688.50 was at the enhanced hourly rate. Moreover, $126,693.00 of the regular hourly rate fees was incurred for work done on the appeal to this Court in *Burns 2020*—despite this Court stating in *Burns 2020* that it was not awarding attorney fees on appeal. *See Burns 2020*, 168 Idaho at 463, 483 P.3d at 1006. The remaining $46,553.50 of the regular hourly rate fees was incurred litigating the issues of pre- and post-judgment interest. Teton County moved the district court to disallow these fees.

Around the time of Burns' second supplemental fee request, Teton County issued three registered warrants under Idaho Code section 31-1608. Teton County contended that the warrants fully satisfied the first amended judgment, but Burns objected. Several months later, Teton County issued a series of checks to Burns in place of the warrants.

The district court later issued an order addressing Burns' second supplemental fee request and Teton County's motion to disallow ("second supplemental fee order"). The district court denied Burns' request for the $126,693.00 in regular hourly rate fees incurred on appeal in *Burns 2020*. The district court also denied Burns' request for the $138,688.50 in enhanced hourly rate fees. After considering the Rule 54(e)(3) factors and this Court's guidance from *Burns 2020*, the district court concluded that neither Burns nor Parsons Behle faced the same risks present when the district court previously found these fees to be reasonable because judgment had been issued in Burns' favor. The district court stated that "[g]iven the low risk of nonpayment at this juncture, the Court does not find a continuing fee award based on the contingency agreement to be reasonable." Finally, the district court awarded only $22,947.25 of the remaining $46,553.50 in

5

regular hourly rate fees because it concluded Burns had billed excessively on certain tasks. The district court then entered a second amended judgment that included the $22,947.25 in supplemental fees.

Burns next filed a third supplemental fee request for $68,386.50. Of this amount, $26,145.00 was regular hourly rate fees incurred between July and October 2021, and the remaining $42,241.50 was enhanced hourly rate fees. Teton County once again moved to disallow these fees. Burns also filed a motion to reconsider the district court's second supplemental fee award.

The district court thereafter issued its third supplemental fee order which addressed Burns' motion to reconsider, Burns' third supplemental fee request, and Teton County's motion to disallow. The district court first denied, in whole, Burns' motion to reconsider. The district court also denied Burns' request for enhanced hourly rate fees based on the same reasoning in its second supplemental fee order. On the regular hourly rate fees, the district court again concluded that Parsons Behle billed excessively and ultimately awarded $11,858.63. On the same day, the district court entered a third amended judgment that incorporated the $11,858.63 in supplemental fees.

To date, the district court has awarded $879,764.13 in attorney fees to Burns. Burns appealed the second and third amended judgments. Teton County cross-appealed the same.

## II.     ISSUES ON APPEAL

1.  Did the district court err in awarding attorney fees after the first amended judgment?
2.  Did the district court abuse its discretion in awarding the amount of attorney fees it awarded in its second and third supplemental fee orders?
3.  Is either party entitled to attorney fees on appeal?

## III.     STANDARD OF REVIEW

"The calculation of reasonable attorney fees is within the discretion of the trial court." *Stanger v. Walker Land & Cattle, LLC*, 169 Idaho 566, 576, 498 P.3d 1195, 1205 (2021) (citing *Frizzell v. DeYoung*, 167 Idaho 801, 812, 477 P.3d 236, 247 (2020)). In determining whether a court has abused its discretion, this Court asks "[w]hether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018) (citation omitted).

6

# IV. ANALYSIS

Both parties appeal the district court's second and third supplemental fee orders. Burns argues that the district court should have awarded the fees it sought related to the *Burns 2020* appeal and awarded enhanced attorney fees. Teton County argues that the district court should not have awarded any fees for work incurred post-judgment, and alternatively that the district court erred in awarding fees for Burns' unsuccessful motion for reconsideration of the district court's second supplemental fee award.

**A. The district court did not abuse its discretion in awarding the amount of attorney fees in its second and third supplemental fee orders.**

The basis for the attorney fee awards in this case is paragraph 12.e of the parties' development agreement, which states that, "[i]f any party shall bring suit against the other party to enforce this agreement, the prevailing party shall be entitled to reasonable attorney fees and costs." The parties' challenges to the fee awards can be grouped into two categories: (1) Teton County's arguments that the district court erred in awarding any post-judgment attorney fees, and (2) the parties' arguments that the district court erred in the amount of fees awarded.

1. The district court correctly interpreted the development agreement to permit the award of attorney fees incurred following the first amended judgment.

Teton County argues that paragraph 12.e only permits the award of attorney fees incurred in enforcing the agreement. Teton County argues that Burns obtained enforcement of the agreement when the district court issued its first amended judgment that awarded Burns damages on its breach of contract claim. Teton County argues that any fees incurred following the first amended judgment were no longer incurred to enforce the agreement, but instead were incurred to collect on the judgment or were incurred in an attempt to recover its attorney fees. As a result, it argues that the contract does not permit recovery of attorney fees sought in the second and third supplemental fee requests. In a similar vein, Teton County argues that paragraph 12.e cannot be read to allow recovery of attorney fees after the first amended judgment was satisfied. Teton County contends that it satisfied the first amended judgment when it issued the registered warrants on May 19, 2021. Finally, Teton County argues that the district court erred in awarding attorney fees on Burns' unsuccessful motions or motions where it only prevailed in part.

Burns argues that paragraph 12.e entitles the prevailing party to an award of reasonable attorney fees incurred in the lawsuit, which includes attorney fees incurred in post-judgment motions. Burns also argues that Teton County's issuance of the registered warrants did not satisfy

7

the amended judgment. Finally, Burns argues that it was the prevailing party from the perspective of the entire lawsuit, so it was within the district court's discretion to award fees incurred on individual motions, including those that were unsuccessful in whole or in part.

The district court determined that paragraph 12.e provided authority to award attorney fees to Burns on post-judgment motions. The district court stated it would not address Teton County's argument that the first amended judgment was satisfied by the County issuing the three registered warrants because it was not properly before the court. However, the district court did "express[] its doubt that the issuance of registered warrants alone, without payment, satisfies a judgment." Finally, the district court determined that Burns, as the prevailing party in the lawsuit, could be awarded attorney fees incurred while pursuing motions it only prevailed on in part. We agree with the district court's reading of the attorney fee provision.

a. Paragraph 12.e does not limit Burns' recovery to fees incurred prior to entry or satisfaction of the judgment.

Teton County's argument requires us to interpret paragraph 12.e of the development agreement. "When interpreting a contract, a court's primary objective is to discover the mutual intent of the parties at the time they entered the contract." *Stanger*, 169 Idaho at 573, 498 P.3d at 1202 (citing *Hap Taylor & Sons, Inc. v. Summerwind Partners, LLC*, 157 Idaho 600, 610, 338 P.3d 1204, 1214 (2014)). If a contract is unambiguous, then the parties' intent is ascertained from the plain language of the instrument as a matter of law. *Id.* If a contract is ambiguous, then the parties' intent becomes a question of fact to be resolved by the factfinder. *Nelsen v. Nelsen*, 170 Idaho 102, 134, 508 P.3d 301, 333 (2022) (citation omitted). A contract is ambiguous when "the contract is reasonably subject to conflicting interpretation." *Id.* (quoting *Fletcher v. Lone Mountain Rd. Ass'n*, 162 Idaho 347, 353, 396 P.3d 1229, 1235 (2017)). "Ambiguity is not established merely because the parties present differing interpretations to the court." *Id.* at 135, 508 P.3d at 334 (citations omitted).

Here, paragraph 12.e of the development agreement states, "[i]f any party shall bring suit against the other party to enforce this agreement, the prevailing party shall be entitled to reasonable attorney fees and costs." *Burns 2016*, 161 Idaho at 121, 384 P.3d at 368. Paragraph 12.e is a provision in the agreement. Burns' motions seeking attorney fees under the agreement were therefore part of a suit to enforce the attorney fee provision of the agreement. As the prevailing party in the litigation, Burns sought to enforce its rights under paragraph 12.e. The plain language

8

of paragraph 12.e permitted Burns to recover fees it incurred while enforcing all parts of the agreement, which extended to pre- and post-judgment motions.

We previously rejected an argument similar to Teton County's in *Lettunich v. Lettunich*, which involved an attorney fee provision that is substantively identical to paragraph 12.e of the development agreement. 145 Idaho 746, 752, 185 P.3d 258, 264 (2008). In *Lettunich*, two partners had entered into a settlement agreement that spawned considerable litigation between the parties. *Id.* at 749, 185 P.3d at 261. After a prior appeal to this Court, the case was remanded for the district court to recalculate reasonable attorney fees. *Id.* The district court awarded pre- and post-remand attorney fees to the prevailing party. *Id.* The non-prevailing party then appealed for a second time, arguing in part that the district court abused its discretion in awarding fees incurred while litigating the issue of reasonable attorney fees. *Id.* The fees had been awarded pursuant to the settlement agreement entered into by the parties, which stated, "[i]n the event of any legal action to enforce the terms of this settlement agreement, the prevailing party shall be entitled to an award of costs, including attorney fees." *Id.* at 752, 185 P.3d at 264. On appeal, the Court held that "the continuation of the litigation in order to determine the amount that [the prevailing party] is entitled to be awarded in attorney fees is likewise part of the legal action to enforce the terms of the agreement." *Id.*

Teton County is advancing the same argument that this Court rejected in *Lettunich*. Given the plain language of the agreement in this case, we see no reason to reach a different result here. We therefore conclude that the district court did not err in interpreting paragraph 12.e to permit the award of attorney fees incurred following the first amended judgment.

b. <u>The district court did not err by awarding attorney fees after Teton County issued registered warrants.</u>

Teton County also argues that, even if paragraph 12.e is interpreted to allow post-judgment attorney fees, the district court abused its discretion by awarding attorney fees after it issued registered warrants on May 19, 2021, because it contends the first amended judgment was satisfied on that date. Teton County argues that, once it satisfied the judgment, Burns was no longer enforcing the agreement and was therefore not entitled to attorney fees under paragraph 12.e.

The plain language of paragraph 12.e refutes Teton County's argument. As we explained previously, Burns' motions for attorney fees sought to enforce the attorney fee provision of the agreement. In other words, Burns had a contractual right to recover its attorney fees, including attorney fees incurred in enforcing the attorney fee provision. Whether or not the first amended

9

judgment was "satisfied" by Teton County when it issued the registered warrants does not impact Burns' right to enforce the attorney fee provision of the agreement. Teton County's argument to the contrary is unpersuasive.

    c.   <u>The district court correctly determined Burns was the prevailing party by examining the results obtained in relation to the entire case.</u>

Teton County argues that the district court abused its discretion by awarding Burns attorney fees incurred for motions on which Burns did not prevail. In essence, Teton County argues the district court abused its discretion by not conducting the prevailing party analysis on a motion-by-motion basis. In contrast, Burns argues the prevailing party analysis considers which party prevailed in the entirety of the lawsuit rather than on individual motions.

"[W]hen a contract provision limits the award of attorney fees to a 'prevailing party,' the I.R.C.P. 54(d)(1) definition of 'prevailing party' [is] applicable" unless the contract sets forth a different standard. *Zenner v. Holcomb*, 147 Idaho 444, 451, 210 P.3d 552, 559 (2009) (quotation marks omitted) (quoting *Farm Credit Bank of Spokane v. Wissel*, 122 Idaho 565, 569 n.4, 836 P.2d 511, 515 n.4 (1992)). Here, paragraph 12.e does not provide a different prevailing party standard, so we turn to Rule 54. Rule 54(e)(1) provides that "[i]n any civil action the court may award reasonable attorney fees, including paralegal fees, to the prevailing party or parties as defined in Rule 54(d)(1)(B), when provided for by any statute or contract." Rule 54(d)(1)(B) in turn states:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court may determine that a party to an action prevailed in part and did not prevail in part, and on so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resulting judgment or judgments obtained.

This Court has recognized that "the prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis." *Frost v. Gilbert*, 169 Idaho 250, 270, 494 P.3d 798, 818 (2021) (quoting *Jorgensen v. Coppedge*, 148 Idaho 536, 538, 224 P.3d 1125, 1127 (2010)).

Here, the district court acted consistently with the legal standards applicable to the prevailing party analysis in Rule 54(d)(1)(B) because it recognized that the prevailing party analysis in Rule 54(d)(1)(B) requires an overall view of the litigation and the results obtained by each party. The district court stated that "Teton County's argument that it prevailed on the previous motion is relevant" but the extent to which the parties prevailed on individual motions would "be

considered by the Court in its Rule 54(e)(3) analysis[.]" We hold that the district court acted consistently with the applicable legal standards when it determined the prevailing party from an overall view rather than on individual motions.

Our decision today should not be read to hold that a prevailing party is always entitled to an award of fees incurred for unsuccessful motions. Instead, our holding stands for the premise that our trial courts exercise discretion when deciding a prevailing party's motion for attorney fees. Whether an award of fees for an unsuccessful motion is reasonable must be made on a case-by-case basis. We will uphold that exercise of discretion unless the appellant demonstrates the district court abused its discretion. Our decision today simply rejects Teton County's argument that the district court erred by failing to act "consistently with the legal standards applicable to the specific choices available to it." *See Lunneborg*, 163 Idaho at 863, 421 P.3d at 194.

2. The district court did not err in the amount of fees awarded.

The parties raise several issues related to the amount of attorney fees awarded in the district court's second and third supplemental fee orders. First, Burns argues the district court abused its discretion in not awarding the $126,693.00 in attorney fees incurred pursuing the appeal in *Burns 2020*. Second, Burns asserts the district court abused its discretion in not awarding the enhanced hourly rate fees it owed under the contingency fee agreement. Finally, Teton County asserts the district court abused its discretion in applying Rule 54(e)(3)(G).

a. The district court did not abuse its discretion by declining to award Burns attorney fees incurred in connection with the second appeal.

Relying on prior decisions of this Court, Burns argues the district court had authority to award it attorney fees that this Court declined to award in our decision in *Burns 2020*. Teton County argues the district court was not permitted to award attorney fees because this Court's decision to not award them is final. The district court denied the request because this Court explicitly declined to award such fees in its opinion.

Idaho Appellate Rule 41(c) provides that "[t]he Supreme Court in its decision on appeal shall include its determination of a claimed right to attorney fees, but such ruling will not contain the amount of attorney fees allowed." "Where both parties prevail in part on appeal, this Court does not award attorney fees to either party." *AgStar Fin. Servs. v. Nw. Sand & Gravel, Inc.*, 168 Idaho 358, 374, 483 P.3d 415, 431 (2021) (quoting *Hurtado v. Land O'Lakes, Inc.*, 153 Idaho 13, 23, 278 P.3d 415, 425 (2012)). This was the basis on which we denied Burns' request for attorney

fees on appeal in *Burns 2020*. *See* 168 Idaho at 463, 483 P.3d at 1006 ("Because both parties have prevailed in part, neither is awarded attorney fees on appeal.").

The law of the case doctrine provides that when "an appellate court states a principle of law in deciding a case, that rule becomes the law of the case and is controlling both in the lower court and on subsequent appeals as long as the facts are substantially the same." *Safaris Unlimited, LLC v. Jones*, 169 Idaho 644, 651, 501 P.3d 334, 341 (2021) (quoting *Swanson v. Swanson*, 134 Idaho 512, 516, 5 P.3d 973, 977 (2000)). Here, the district court correctly denied Burns' request for attorney fees from *Burns 2020* because this Court's decision denying Burns' request for fees on appeal became the law of the case.

Burns asserts that other decisions of this Court establish that the district court retained authority to award attorney fees on remand. *See, e.g.*, *Mulberry v. Burns Concrete, Inc.*, 164 Idaho 729, 736, 435 P.3d 509, 516 (2019). In *Mulberry*, this Court vacated the district court's award of attorney fees because the district court had erroneously determined which party prevailed. *Id.* at 735–36, 435 P.3d at 515–16. In addressing the issue of appellate attorney fees, the Court stated that "an award of attorney fees is improper at this juncture, as it is not yet clear who the prevailing party will be." *Id.* at 736, 435 P.3d at 516 (quotation marks and citation omitted). Thus, this Court directed the district court on remand to "determine which party has prevailed and whether the prevailing party is entitled to attorney fees related to this appeal." *Id.*

Burns misunderstands *Mulberry* and similar decisions by this Court. In *Mulberry*, this Court expressly stated it was improper to award attorney fees at the time we issued our decision, and we directed the district court to decide the issue on remand. *Id.* In that case, a question remained about who would prevail following remand. In those instances, we rely on the district court to first determine the prevailing party and then determine the issue of appellate attorney fees. In doing so, we explicitly remanded this issue to the district court. *Id.* ("Mulberry is no longer the prevailing party because the district court erred in declaring the [right of first refusal] extinguished.").

In *Burns 2020*, we gave no such direction to the district court on remand. Instead, we decided the issue ourselves. If the issues decided on appeal do not impact the underlying prevailing party analysis, this Court applies its own prevailing party analysis focusing on the issues presented on appeal. This was the case in *Burns 2020*. This Court only remanded issues related to the amount of the damage award and attorney fees incurred in proceedings that took place before the district

12

court. Therefore, we looked to the issues presented on appeal to determine whether either party had prevailed, concluded neither party had, and explicitly declined to award attorney fees on appeal.

Our decision in *Burns 2020* denying Burns' request for an award of attorney fees on appeal became the law of this case. Accordingly, we hold that the district court correctly denied Burns' request for attorney fees incurred in the *Burns 2020* appeal.

b. The district court did not err in denying Burns' request for enhanced hourly fees in its second and third supplemental fee orders.

Burns asserts that the district court abused its discretion in not awarding it $171,655.50 in enhanced hourly rate fees because the law of the case doctrine limited the district court's discretion in awarding these fees and because the district court failed to follow this Court's decision in *Parsons v. Mutual of Enumclaw Insurance Co.*, 143 Idaho 743, 748, 152 P.3d 614, 619 (2007). Burns argues that, because the district court previously determined an award of 200% of the regular hourly rate was reasonable, it was required to continue awarding fees requested at that same rate.

Teton County asserts that the district court did not abuse its discretion when it declined to award Burns fees based on an enhanced hourly rate. Teton County also asserts that the district court failed to comply with Rule 54(e)(3)(G) when it awarded Burns $3,675.38 in attorney fees incurred on Burns' unsuccessful motion to reconsider.

On remand following *Burns 2020*, the district court concluded that Burns' contingency fee agreement with Parsons Behle was reasonable at a 200% hourly rate. However, the district court later declined to award any enhanced hourly fees in its second and third supplemental fee orders because Burns and Parsons Behle no longer faced the same risks post-judgment that they did pre-judgment.

The Idaho Rules of Civil Procedure address the propriety and calculation of attorney fee awards. Rule 54(e)(1) provides that a district court "may award reasonable attorney fees, including paralegal fees, to the prevailing party or parties as defined in Rule 54(d)(1)(B), when provided for by any statute or contract." If the district court determines there is a legal basis to award attorney fees, it must consider the following factors in determining what constitutes a reasonable attorney fee:

(A) the time and labor required;
(B) the novelty and difficulty of the questions;

(C) the skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law;

(D) the prevailing charges for like work;

(E) whether the fee is fixed or contingent;

(F) the time limitations imposed by the client or the circumstances of the case;

(G) the amount involved and the results obtained;

(H) the undesirability of the case;

(I) the nature and length of the professional relationship with the client;

(J) awards in similar cases;

(K) the reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case;

(L) any other factor which the court deems appropriate in the particular case.

I.R.C.P. 54(e)(3); *see also Zenner*, 147 Idaho at 451, 210 P.3d at 559.

This Court has provided guidance for applying the factors addressing fixed and contingency fees in Rule 54(e)(3)(E): "A contingent fee agreement that was reasonable when entered into does not become unreasonable simply because in the end the attorney recovers more than he or she would have under an hourly fee contract." *Parsons*, 143 Idaho at 748, 152 P.3d at 619. In *Burns 2020*, we instructed the district court to consider the policy rationale behind contingency fees when applying this factor. 168 Idaho at 462, 483 P.3d at 1005.

Burns essentially argues that the principle from *Parsons* and the guidance in *Burns 2020* precluded the district court from reconsidering its application of the Rule 54(e)(3) factors when deciding Burns' second and third supplemental fee motions. Burns' argument, however, is unpersuasive because it ignores the Rule 54(e) framework for determining reasonable attorney fees. As this Court stated in *Parsons*, "[w]hen awarding attorney's fees, a district court *must consider* the applicable factors set forth in I.R.C.P. 54(e)(3)[.]" 143 Idaho at 747, 152 P.3d at 618 (emphasis added). Our directive to consider the applicable Rule 54(e)(3) factors applies each time the district court considers a fee request. The Rule 54(e) factors that support an award of attorney fees at one stage of a case may not support an award of fees at a different stage of a case. The law of the case doctrine did not prevent the district court from considering the Rule 54(e)(3) factors when deciding Burns' second and third supplemental fee requests. To the contrary, Rule 54(e) mandated that the district court consider the factors anew and apply them to the circumstances and fees at issue in those requests.

Our review of the record indicates the district court's decisions were consistent with our discussion in *Parsons*. Burns contends the district court's denial of $171,655.50 in enhanced hourly fees failed to follow the principle that "[a] contingent fee agreement that was reasonable when entered into does not become unreasonable simply because in the end the attorney recovers more than he or she would have under an hourly fee contract." *Parsons*, 143 Idaho at 748, 152 P.3d at 619. However, as discussed above, the district court was required to independently consider the Rule 54(e) factors for each supplemental fee request. Burns appears to suggest that our discussion in *Parsons* prevents the district court from doing so. If Burns is in fact making such an argument, it misconstrues our decision in *Parsons*.

We hold that the district court did not err in declining to award enhanced hourly fees in the second and third supplemental fee orders. The record reveals that the district court properly considered the Rule 54(e) factors in declining to award Burns enhanced hourly fees and, in doing so, acted consistently with the principle from *Parson*s. The district court found that "*Parsons* does not state that a contingent fee agreement that was reasonable upon execution may never become unreasonable; it merely states that it does not become unreasonable *only* by resulting in a greater fee payment than would have been received under an hourly agreement." The district court (1) concluded that Burns and Parsons Behle were not in the same position that had previously justified an award of enhanced hourly fees, (2) considered the relevant Rule 54(e)(3) factors in reaching this conclusion, and (3) highlighted the reasons why the policy rationales behind contingency fees no longer weighed in favor of awarding Burns additional enhanced hourly fees. The district court's analysis satisfied the four *Lunneborg* factors. *See* 163 Idaho at 863, 421 P.3d at 194.

Finally, we address Teton County's argument that the district court failed to consider "the amount involved and the results obtained" when awarding attorney fees on a motion that was denied in whole. In essence, Teton County argues that a prevailing party is never entitled to an award of fees for work performed on an unsuccessful motion due to the language in Rule 54(e)(3)(G). In support of its argument, Teton County cites the rule, but it does not cite any caselaw to support its contention that one Rule 54(e) factor can be dispositive of the entire fee request.

When awarding fees, the district court expressly considered its denial of Burns' motion to reconsider as part of its Rule 54(e)(3)(G) analysis:

> The result obtained by the Burns Companies on their previous request for fees weighs in favor of reducing the fees awarded for that work. The [c]ourt, therefore, finds it appropriate to reduce the fees requested for work on the previous fee request

15

(incurred between June 4 and August 19, 2021) by half to $3,260.25 ($6,520.50 x .50).

Similarly, the Burns Companies' motion to reconsider has not been successful. It has also been unsuccessful in obtaining additional contingency fees under its current request. The [c]ourt, therefore, finds it appropriate to reduce the fees requested for work on the current motion and fee request (incurred between September 20 and 29, 2021) by half to $3,675.38 ($7,350.75 x .50).

The district court did not abuse its discretion because it considered Burns' unsuccessful motions and then, considering that information and the other Rule 54(e) factors, exercised reason to determine how much to award. This is essentially the same argument we already rejected regarding the prevailing party analysis. It is true that the factor set out in Rule 54(e)(3)(G) requires a court to consider "the amount involved and the results obtained," but that single factor is not dispositive. The district court properly considered the Rule 54(e)(3)(G) factor as one part of its overall analysis of the Rule 54(e) factors. Given the foregoing, the district court did not err in its second and third supplemental fee orders.

## B.  We do not award either party attorney fees on appeal.

Both parties request attorney fees on appeal. Burns seeks attorney fees on appeal pursuant to paragraph 12.e of the development agreement. Teton County seeks attorney fees pursuant to Idaho Code section 12-117(1).

"Attorney fees on appeal may be awarded to the prevailing party when the parties contemplated such fees in the underlying contract." *Gordon v. U.S. Bank Nat'l Ass'n*, 166 Idaho 105, 123, 455 P.3d 374, 392 (2019) (citing *Zenner*, 147 Idaho at 452, 210 P.3d at 560). "Where both parties prevail in part on appeal, this Court does not award attorney fees to either party." *AgStar*, 168 Idaho at 374, 483 P.3d at 431 (quoting *Hurtado*, 153 Idaho at 23, 278 P.3d at 425).

Both parties have prevailed in part on appeal. Although Burns prevailed on the issues presented in Teton County's cross-appeal, it did not prevail on the issues it raised on appeal. Similarly, while Teton County successfully defended Burns' appeal, it has not prevailed on the issues raised in its cross-appeal.  As a result, we decline to award either party fees on appeal. *See 616 Inc. v. Mae Props., LLC*, 171 Idaho 610, 626–27, 524 P.3d 889, 905–06 (2023) (citation omitted) ("[A] respondent should carefully consider whether to file a cross-appeal because losing the cross-appeal may result in not being able to recover attorney fees incurred in defending the appeal.").

## V.    CONCLUSION

The district court's award of attorney fees in its second and third supplemental fee orders is affirmed. We decline to award either party attorney fees or costs on appeal.

Chief Justice BEVAN, Justices BRODY and STEGNER, and Justice Pro Tem HORTON CONCUR.